The Haverford Loan and Building Association of Philadelphia, Appellant, v. The Fire Association of Philadelphia, and Susie Dougherty, Fannie Dougherty, Maggie Dougherty and Annie Dougherty, minor children of Thomas and Frances Dougherty, deceased.

*Tenants in common—Mortgage—Subrogation.*

If one tenant pays a mortgage, tax lien or other incumbrance upon the property, he may be subrogated to such lien to secure contribution from his cotenants.

A person who has lent money to a debtor for the purpose of discharging a debt may be subrogated by the debtor to the creditor's rights, and if the party who has agreed to advance the money for the purpose employs it himself in paying the debt and discharging the incumbrance on land given for its security, he is not to be regarded as a volunteer. After such an agreement with the debtor he is not a stranger in relation to the debt, but he may in equity be entitled to the benefit of the security which he has satisfied with the expectation of receiving a new mortgage or lien upon the land for the money paid.

A husband supposing that under his wife's will he was the owner of certain real estate mortgaged it to a building and loan association, and the latter also supposing him to be the owner loaned him the money, but at his request applied part of it to the payment of a prior mortgage. It turned out that the husband owned only an undivided fifth of the land as tenant in common with his four children. The husband subsequently died, and the building and loan association filed a bill in equity against the first mortgagee and the children for relief. *Held*, (1) that as the husband had relieved the common estate of an incumbrance, he was entitled to contribution from his cotenants; (2) that the building and loan association succeeded to his right of subrogation, inasmuch as it was not a mere volunteer, and no other interests had intervened; (3) that the satisfaction of the first mortgage should be canceled, and that the same should be held a valid lien to the use of the building and loan association upon the whole property, and that the second mortgage should be a valid junior lien upon the undivided estate of the husband in the premises.

Argued Jan. 19, 1897. Appeal, No. 324, Jan. T., 1896, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. T., 1893, No. 794, overruling exceptions to referee's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity for subrogation.

Exceptions to report of Charles Biddle Esq., referee.

The referee's findings of fact were as follows:

Frances Dougherty, wife of Thomas Dougherty, on December 25, 1880, purchased the property No. 665 North Forty-first street, in the Twenty-fourth ward of the city of Philadelphia, and she created upon the property a purchase money mortgage of $1,600 to the Fire Association of Philadelphia. Being so seized of the said property, Frances Dougherty made her will and died, leaving to survive her Thomas Dougherty, her husband, and Susan, Fannie, Maggie and Annie Dougherty, minor children. By her will she provided as follows:

" I, Frances Dougherty, wife of Thomas Dougherty, does hereby wish to will and transfer to my husband, Thomas Dougherty, for his benefit and his children, the property deeded in my name, situate No. 665 North Forty-first street, in the city of Philadelphia, Twenty-fourth ward."

Thomas Dougherty assumed that under this will he became the absolute owner of the house, and desiring to secure additional money for the purpose of his business, applied to the complainant, the Haverford Loan and Building Association of Philadelphia, for a loan of $2,200, offering to create a mortgage on the property as security. The building association, acting under the same mistaken idea, that the legal effect of the will was to give Thomas Dougherty a fee simple title, agreed to make him the loan and take his mortgage on the property for the amount. To carry out this agreement, Thomas Dougherty, on August 5, 1892, gave the building association his bond, and executed a mortgage to them, upon the house, for $2,200.

It is shown by the testimony that Thomas Dougherty requested Mr. Stoever, counsel for the Haverford Loan and Building Association, to pay $1,637.50 of the money so loaned to him to the Fire Association of Philadelphia in settlement and satisfaction of the purchase money mortgage created upon the property by Frances Dougherty, (said amount being for the principal of the said mortgage, $1,600 and $37.50 for interest) ; that the payment was made by the building association, and satisfaction of the mortgage entered of record; that $33.50 of the $2,200 was paid for taxes upon the property, and $5.25 was paid for

water rent; that an additional insurance upon the property was taken for which $20.25 more was paid; that $33.75 was paid to Mr. Stoever for his services, and the balance of the $2,200, being $467.40, was paid to Thomas Dougherty and by him used for the purpose of carrying on his own business. After the creation of this mortgage, Thomas Dougherty departed this life, leaving to survive him his four children.

It is now admitted by counsel for the Haverford Loan and Building Association that Thomas Dougherty at the time he made this mortgage was not entitled to the entire ownership of the property; that he was, on the contrary, entitled only to a one fifth interest in the property; and held the legal title to the balance as trustee for his four minor children. In consequence of this, it is further admitted that the mortgage for $2,200, created by the said Thomas Dougherty upon the said premises, is not a legal mortgage or lien except as against his one fifth interest in the house. It is, however, claimed that the money loaned on this mortgage was for the benefit of the minors' estate; that the mortgage was created by a man who held the legal title to the property, and that the mortgage therefore is an equitable lien or mortgage on the whole property for the full amount of money now due upon it, which is $2.230,70. For the purpose of enforcing this equitable right or lien, the present bill is filed, and the following prayers are made:

"1. That the said respondent, the Fire Association of Philadelphia, be directed to cancel the satisfaction of the said mortgage of $1,600 without prejudice to the rights of intervening mortgagees and purchasers, and that the same shall be considered as subsisting for the benefit of the Haverford Loan and Building Association of Philadelphia, who paid the same, and that the said mortgage so satisfied shall be assigned by the said Fire Association of Philadelphia to the Haverford Loan and Building Association of Philadelphia.

"2. Or that the said respondents, the said Susie, Fannie, Maggie and Annie Dougherty, the minor children of the said Frances Dougherty, deceased, the present owners of the premises, shall refund to the said complainant, the Haverford Loan and Building Association of Philadelphia, the amount paid upon the $1,600 mortgage aforesaid, including the interest and costs of satisfaction, and also the taxes, water rent and cash appro-

HAVERFORD L. & B. ASSN., Appellant, *v.* FIRE ASSN. 525

priated by the said Thomas Dougherty, in and about the business in which he was engaged for the benefit of himself and family.

"3. That the said sum of $2,200 be a charge upon the said real estate above described until paid.

"4. That your orator may have such other relief as the circumstances of the case may require."

The referee recommended that the bill should be dismissed.

Exceptions to the referee's report were overruled by the court, and a decree entered dismissing the bill.

*Error assigned* among others was decree dismissing bill.

*Wm. C. Stoever* and *John G. Johnson,* for appellant.—A tenant in common who pays off an incumbrance is entitled to contribution from his cotenants : Titsworth v. Stout, 49 Ill. 78; Carter v. Penn, 99 Ill. 390; ·Dickinson v. Williams, 11 Cush. 258; Newbold v. Smart, 67 Ala. 326; Duke v. Reed, 64 Tex. 705; Oliver v. Montgomery, 42 Iowa, 36; Watkins v. Eaton, 30 Me. 529; 2 Jones on Liens, 1153; Calking v. Steinbach, 66 Col. 117.

No paper-book or argument was offered for appellee.

OPINION BY MR. JUSTICE MITCHELL, April 12, 1897 :

Thomas Dougherty, supposing that under the will of Frances Dougherty he was the owner of the entire premises, mortgaged them to the appellant for $2,200, and the appellant, also supposing him to be owner, loaned him the money, but at his request applied part of it to the payment of a prior mortgage to the fire association, one of defendants. It is now conceded that by the true construction of the will of Frances Dougherty, Thomas was not the owner of the whole, but only of an undivided fifth as tenant in common with his four children. Under these circumstances it is entirely clear that Dougherty having relieved the common estate of an incumbrance was entitled to contribution from his cotenants, and might have enforced his claim by subrogation to the rights of the mortgagee under the discharged mortgage. It is also laid down generally in the textbooks that he acquired a lien against the shares of his cotenants. The

most accurate and painstaking of recent writers states the rule thus: "If one tenant removes a mortgage, tax lien, or other incumbrance upon the property, he may be regarded as subrogated to such lien to secure contribution from his cotenants, or as having an equitable lien upon their interest of the same character as that removed:" Jones on Real Property and Conveyancing, sec. 1853. See also Am. & Eng. Ency. of Law, tit. Joint Tenants, VII. 4. As to the existence of a lien by the mere force of the claim for contribution or reimbursement the law of this state is not so clear. Our reports are rather notably bare of authorities on the subject. No Pennsylvania cases are cited by the learned counsel for appellant, nor have I been able to find any exactly in point. In Huston v. Springer, 2 Rawle, 97 and Gregg v. Patterson, 9 W. & S. 197 the reasoning of the court seems to tend against a general lien, though what was decided in the former was that a lien for repairs could not be enforced against a subsequent purchaser for value of the other shares, and in the latter case it was held that a tenant in common who had paid the whole purchase money and entered, supposing his title to be in severalty, might retain exclusive possession until reimbursed his over payment. We do not need however to decide at present the abstract question of the existence of a lien or its precise character and limits, as all our cases agree that there is the right of contribution and that it is enforceable by subrogation. An instructive case is Watson's Appeal, 90 Pa. 426, where two tenants in common made a mortgage to secure certain bonds; the mortgagee assigned the bonds and then purchased the interest of one of the tenants in the land, covenanting to hold him harmless from the bonds; subsequently the mortgagee reacquired the bonds, assigned them again, and finally paid them. It was held that he was a cotenant of the other mortgagor, and entitled to all the securities and remedies given by the mortgage, to enforce contribution from his cotenant. "On the conveyance by Wonderly of his interest in the land to Nichols, the latter became a tenant in common with Potter. . . . The covenant of Nichols obligated him to protect Wonderly from all liability on the mortgage and bonds, but not to protect or relieve Potter therefrom. It follows, when Nichols paid and took up the bonds which he and Potter were jointly obligated to pay, he thereby acquired a right to collect

the one half thereof out of the estate of Potter. He was not driven to an action to enforce this right; but was entitled to all the securities and all the remedies given by the mortgage," citing Wright v. Grover & Baker S. M. Co., 82 Pa. 80, and thereby assimilating the rights of tenants in common to the rights of cosureties, as to whom it was said in the last case, " An actual assignment is unnecessary. The right of substitution is the substantial thing; the actual substitution is unimportant. The right of substitution being shown and the surety having paid the debt, he succeeds by operation of law to the rights of the creditor."

It being thus clear that Dougherty had the right to be subrogated to the mortgage of the fire association to the extent of his claim for contribution against his cotenants, the next question, did the appellant succeed to his right is more difficult, but the equity is so strong that in the absence of any intervening interests we think it should prevail. Appellant was not a mere volunteer. It paid at the request of Dougherty, the debtor. If it had paid with its own money, on such request, there could have been no doubt of its right to subrogation. It paid with money which was his, but which became his only by virtue of a loan from appellant on the faith of the security he offered, which was his interest in the land. The fact that such interest was less than both parties believed, should not in equity prevent the operation of the pledge to the full extent of such interest as he actually had. That this is giving effect to the intention of the parties does not admit of doubt, nor that a formal subrogation would have been made had it been supposed to be needed. No one is injured. The fire association has received its money, and has no longer any interest in the mortgage, and the other defendants, the cotenants, are merely left where they originally were, without deriving an unjust advantage from an accident.

The cases relied upon by the referee below are not in conflict with the present view. In Webster and Goldsmith's App., 86 Pa. 409, all that was decided was that the judgment confessed to secure one creditor against a liability which had been subsequently extinguished could not be assigned as an existing security to another creditor for a different debt, to the prejudice of intervening judgments. It is true that WOODWARD, J., says

that with the payment of the first note "all the uses of the judgment would have been served," and that when it was renewed without Banker's indorsement the judgment given to secure him was dead, but this was said with reference to the rights of other creditors, for later in the same paragraph he says "if the rights of Adams and Baur were alone involved there would be no objection to their agreement that it (the judgment) should retain or regain its original efficacy." In McCleary's Appeal, 20 W. N. C. 547, and Campbell v. Foster Home Assn. 163 Pa. 609, the instruments in favor of which subrogation was sought were frauds upon the 'debtor, and he had had no part in the satisfaction of the prior incumbrances. Both cases were decided on the principle that subrogation is not decreed in favor of a mere volunteer. In the present case the appellant was not a volunteer, but paid the first mortgage on the express direction of the debtor, and with the intention of both parties that the appellant should be secured by the land. "A person who has lent money to a debtor for the purpose of discharging a debt may be subrogated by the debtor to the creditor's rights, and if the party who has agreed to advance the money for the purpose employs it himself in paying the debt and discharging the incumbrance on land given for its security, he is not to be regarded as a volunteer. He is not after such an agreement with the debtor a stranger in relation to the debt, but may in equity be entitled to the benefit of the security which he has satisfied with the expectation of receiving a new mortgage or lien upon the land for the money paid." Dixon on Subrogation, 165. "When the holder of a junior mortgage discharges the lien of a senior incumbrance upon the property, he thereby becomes entitled to all the benefits of the security represented by the lien so discharged." Beach on Modern Eq. Jur., sec. 804. "When on the foreclosure of a second mortgage it appears that the loan by the second mortgagee was made on an agreement with the mortgagor that it should be applied to extinguish the first mortgage, and that part of the loan was actually so applied, the second mortgagee is entitled to a decree subrogating him to the rights of the first mortgagee on payment of the balance due on the mortgage." Id. sec. 806. "Where money has been loaned upon a defective mortgage for the purpose of discharging a prior valid incumbrance, and has

actually been so applied, the mortgagee may be subrogated to the rights of the prior incumbrancer whom he has thus satisfied, there being no intervening incumbrances: " Sheldon on Subrogation, sec. 8. The present case comes clearly within these rules.

Decree reversed, bill reinstated, and it is now ordered and decreed that the satisfaction of the mortgage of $1,700 now reduced to $1,600 to the Fire Association be canceled and that the said mortgage shall be held a valid lien to the use of the appellant upon the whole premises, and further that the second mortgage of $2,200 with interest be a valid junior lien upon the undivided estate of Thomas Dougherty in the said premises. Costs to be paid by the appellees other than the Fire Association.