Opinion by
Beaver, J.,
This is the familiar case of a report of an auditor, distributing the funds arising from the estate of a decedent, confirmed by the court, which, as has been declared times innumerable, will not be disturbed, except for manifest error.
The claim of the appellant was based upon the advance of money, as he himself testified, to his mother-in-law, evidenced by a receipt of hers, dated April 6, 1879, for $500, and a check to her order for $852.23, dated September 7, 1885. He says: “ I loaned this money to Mrs. Jane Taylor, the widow of Thomas Taylor, deceased,” and later, “I simply loaned it to Mrs. Jane Taylor. I cannot say [in answer to a question as to the character of the obligation against Thomas Taylor’s estate], as it *453 did not concern me, bnt I suppose I was influenced in making the loan to help them out of the debt.” To help whom and what debt are not distinctly stated. The effort is made to prove that the advance was made to help pay a debt of the estate of Thomas Taylor, but the dates, at least as to the principal payment, are clearly against such a conclusion. The debt of the estate of the decedent, held by Mundell, was fully discharged, January 12, 1883, and a bond of Jane Taylor and Quinton Taylor to Alexander Kennedy, for money borrowed in April, 1883, could not have been used in the payment to Mundell,'and, even if the amount of the check of the appellant to Jane Taylor in 1885 was used, in discharge of the indebtedness to Kennedy, although that date does not correspond with any payment to him, it was a debt of the obligors and not of the decedent’s estate. The appellant was not, under any view of the case, entitled to subrogation, as chimed by him. He paid nothing to any person having a claim against the estate, and the principle upon which he would be entitled to subrogation does not in any way apply.
The appellant’s argument throughout is based upon the assumption that his money was advanced in relief of the estate of the decedent and. that he, therefore, comes within the principle of Haverford Loan & Bldg. Assn. v. Fire Assn., 180 Pa. 522; but this, as the auditor found, and as has already been shown, is a mistake. He paid nothing in relief of the estate, but advanced his money to the widow of the decedent personally.
This being the case, the agreements of Margaret Taylor and Eva Taylor Hoff that “ out of the proceeds of the sale of said real estate, after the several costs and expenses incident to the sale had been paid, there shall be paid to the Rev. Richard Turner, D. D., the sum of $1,400, together with interest thereon at the rate of five per cent, per annum from April 1, 1903, and for the purpose of securing the payment of the said sum of $1,400, we and each of us, hereby authorize and empower the executor or administrator, or any other person or party charged with the duty of settling the affairs of the said estate, to pay to the said Rev. Richard Turner, D. D., the said sum, with interest as aforesaid,” were based upon a misapprehension, the recital *454 in the said agreements being 'that: “Whereas there is now due and payable by the estate of the said Thomas Taylor, deceased, to the said Rev. Richard Turner, D. D., the sum of $1,400,” etc. If this fact had been true, there would have been a moral, if not a legal, obligation to support the agreement, but the auditor having found, as we think very properly, that the estate of Thomas Taylor was not indebted in any way to the appellant, the consideration of the agreement utterly failed, and the parties thereto had the right to revoke the same. The auditor, therefore, was justified in finding that “The agreements entered into with Rev. Richard Turner by certain of the heirs are nudum pactum, because without consideration of either benefit to the promisors or detriment to the promisee. The authority therein to pay the debt is revocable.”
The facts, as found by the auditor, which are fully sustained by the testimony, support his conclusions of law, and these, having been confirmed by the court below, make it practically obligatory upon us to assent thereto.
Decree affirmed and appeal dismissed at the costs of the appellant.