## KYNER et al. v. CLARK et al.

### CLARK et al. v. KYNER et al.

Circuit Court of Appeals, Eighth Circuit.
November 19, 1928.

Nos. 8138, 8139.

Webb Rice, of Norfolk, Neb. (S. D. Crary, of Sioux City, Iowa, on the brief), for James A. Clark and Charles C. Clark.

William J. Courtright, of Fremont, Neb. (William M. Ely, of Ainsworth, Neb., on the brief), for Stephen H. Kyner and Odessey K. Bates.

Before LEWIS, Circuit Judge, and PHILLIPS and SANBORN, District Judges.

LEWIS, Circuit Judge. This suit was brought by Charles C. Clark and James A. Clark, assignee of Albert E. Clark, against Stephen H. Kyner and Odessey K. Bates. The Clarks are all citizens and residents of Iowa and Kyner and Bates are citizens and residents of Nebraska. Plaintiffs' claim is based on the assumption by Kyner and Bates and their agreement to pay a mortgage on Iowa land, which the Clarks were compelled by suit to pay. The court gave judgment for plaintiffs after deducting an amount allowed to defendants as a counterclaim, and each party has appealed.

The facts which determine the rights of the parties are these: Charles C. and Albert E. Clark, as owners of 240 acres of land in Iowa, gave two mortgages, one for $13,000 and a second one for $7,000. They then sold the land to Oscar Heline and one Miller, who assumed payment of the two mortgages. On September 1, 1922, Heline entered into a written contract with defendants Kyner and Bates by which Heline agreed to exchange the equity in the 240 acres for an equity in 642 acres in the State of Nebraska. There were two mortgages on the Nebraska land also, the equity belonging to defendant Bates. It was further agreed that Heline would assume and agree to pay the mortgages on the Nebraska land, and Kyner and Bates as-

sumed and agreed to pay the two mortgages on the Iowa land, each agreeing to pay the interest and taxes due on their respective lands up to March 1, 1923. The deed to Heline for the Nebraska land was to be held in escrow until such time as he should fully perform his part of the agreement. Heline and Miller executed on the day the contract was entered into, September 1, 1922, a deed conveying the 240 acres to defendant Bates, who therein agreed to pay the two mortgages on the 240 acres. Special and general taxes on the Iowa land had been unpaid for several years, to the approximate amount of $2,000, and default had also been made in payments of interest that had accrued on the first of the two mortgages. In January, 1923, Heline informed Kyner and Bates that he was unable and would be unable to pay the past-due interest on the first mortgage on the Iowa land and taxes that had been assessed against it, as he had agreed to do, up to March 1, 1923. Thereupon Kyner and Bates made a supplemental contract with Heline extending the time in which he might make those payments to March 1, 1924, and it was further agreed that if Kyner and Bates made those payments Heline would pay interest thereon at 8 per cent. It was also agreed in the supplemental contract that if Heline did not pay the defaulted interest on the first mortgage and taxes up to March 1, 1923, on or before March 1, 1924, the deed to the Nebraska land from Kyner and Bates to Heline, then held in escrow, should be delivered back to Kyner and Bates, that Kyner should have the right to rent the Nebraska land and apply the proceeds therefrom to the payment of the defaulted interest and taxes on the Iowa land. Kyner and Bates took possession of the Iowa land and leased it to one Lingle in the fall of 1922, and on January 23, 1923, they conveyed that land to one Hardman. Heline failed to pay any of the back taxes and defaulted interest on the Iowa land as he had agreed, and on March 17, 1924, Bates, who held title to the equity in the Nebraska land, brought suit in the district court of the county in which the land was located to cancel and remove the contracts entered into by Kyner and Bates with Heline as a cloud on Bates' title to the Nebraska land, and decree was entered accordingly. Early in January, 1923, Bates was notified by the holder of the first mortgage on the Iowa land that default in payments on the mortgage had been made to the amount of $910.00, that taxes to the amount of approximately $1,500 had been paid by the mortgagee to protect its interest, and if it were not reimbursed and the de-

faults made good foreclosure proceedings would be commenced at once on that mortgage. Hardman, who was then the owner of the equity, attempted to meet the demand on the first mortgage but he was unable to do so. Foreclosure suit was brought shortly thereafter on the first mortgage, which resulted in a sale of the land for a sufficient amount to meet only the debt secured by that mortgage. Thereafter Charles C. and Albert E. Clark, who had given a second mortgage, were sued on their notes, which the second mortgage secured, and they were compelled to pay and did pay the amount of those notes with accrued interest. This suit was then brought against Kyner and Bates on their assumption and agreement to pay that mortgage.

We had occasion in Duvall-Percival Trust Co. v. Jenkins (C. C. A.) 16 F.(2d) 223, to consider the liability of a grantee who assumes and agrees to pay a mortgage on land purchased, not, however, under facts just like those here; but the authorities that establish the rules on the subject are there referred to. A full discussion is found in Williston on Contracts, §§ 380–386, erroneously cited in the Duvall-Percival Case as sections 480–486. There are no facts in this case that relieve Kyner and Bates from their liability to the Clarks to pay off the second mortgage indebtedness on the Iowa land. And having failed to do so, the Clarks were compelled to pay and did pay their notes secured by the second mortgage. They are entitled to reimbursement from Kyner and Bates on their obligation for the full amount paid with interest. Kyner and Bates agreed in their contract with Heline on September 1st to pay off the second mortgage, and in the deed from Heline to Bates executed that day, evidently with Kyner's consent, Bates again assumed and agreed to pay off the mortgage. Bates is Kyner's daughter. He was the principal party in the transactions with Heline, and he and his daughter both agreed in their contract with Heline to pay the mortgage indebtedness on the Iowa land. The contract and deed constituted one transaction. The court allowed Kyner and Bates a deduction to the amount of the taxes and defaulted interest on the first mortgage which Heline in his contract with Kyner and Bates had agreed to pay. This was error. It is a general rule that the grantee who has assumed and agreed to pay a mortgage indebtedness when sued on such contract by the mortgagee or one claiming under him may set up any defense which he could assert against an action on such contract by the

promisee, his grantor. 1 Williston on Contracts §§ 394, 395. But by the second or supplemental contract Kyner and Bates were given the right to take back, and they did take back to themselves the consideration for Heline's promise to pay the interest and taxes against the Iowa land; nor did Kyner and Bates pay the interest and taxes against the Iowa land. It therefore seems there was no liability to Kyner and Bates on the part of Heline to pay the interest and taxes, and they did not constitute a counterclaim or set-off against the rights of the second mortgagee on the assumption of Kyner and Bates. When the Clarks paid the second mortgage notes which Kyner and Bates had assumed and agreed to pay, they were subrogated to the rights of the second mortgagee and stood in his shoes as against Kyner and Bates.

The judgment is reversed with directions to enter judgment in favor of the plaintiffs for the full amount paid by them on the second mortgage notes with interest thereon from time of payment.