GROSS et al. v. TIERNEY et al.

No. 3185.

Circuit Court of Appeals, Fourth Circuit.

Jan. 27, 1932.

A. P. Edgar and F. R. Hill, both of Marlinton, W. Va., for appellants.

Curt E. Amos and Rollo J. Conley, both of Fairmont, W. Va. (James P. Tierney, of Clarksburg, W. Va., and Frank R. Amos and Harrison Conaway, both of Fairmont, W. Va., on the brief), for appellees.

the notes secured by lien on the lands conveyed to it? (2) Were the notes held by John Y. Hite and his transferees paid off by the funds of the Forest Lumber Company? (3) Are the trustee of John Y. Hite and his transferees entitled to be subrogated to the lien of the original holder of the notes for which they have filed claims? (4) Is Miss M. Virginia Hite entitled to be subrogated to the lien of the original holder of the notes for which she has filed claim? And (5) are the holders of the notes precluded from asserting them as secured claims against the estate by reason of laches or estoppel? We think that all of these questions must be answered against the contention of appellants.

The first two are pure questions of fact; and, as to them, the well-settled rule applies that, where findings of fact are made by the referee and approved by the District Judge, they are presumptively correct and will not be disturbed upon appeal unless clearly wrong. After a careful review of the evidence, we are not satisfied that they are wrong; but, on the contrary, we see no other conclusion that could be reached under the evidence.

The fact that the property acquired was valued at the first meeting of the directors at a sum equal to the amount of stock issued by no means negatives the testimony that the corporation was to assume the payment of the mortgage indebtedness. The corporation was acquiring merely the equity of redemption in the property; and it is not unreasonable to assume that this was what was referred to in the valuation. And the fact that the corporation was to assume the mortgage indebtedness is shown not only by the provision contained in the deed which it accepted, but also by the fact that a copy of this deed was attached to the minutes of the directors' meeting in which the purchase was authorized, and that shortly afterwards a statement was set up on the books of the corporation showing that this mortgage indebtedness was owing by it. It is true that the copy of the deed attached to the minutes bears a date subsequent to the meeting of the directors, and this strongly tends to show that it was actually prepared after the meeting was held; but, on the other hand, there is no reason to think that it was not prepared in accordance with the understanding arrived at during the meeting. A holding that the directors did not agree at the meeting to assume the mortgage indebtedness would be based upon mere speculation and would be contradictory of the direct evidence in the case.

Before PARKER and SOPER, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge (after stating the facts as above).

Five questions are presented by the contentions of appellants: (1) Did the Forest Lumber Company assume the payment of

Likewise, on the second question, the only positive evidence in the case with regard thereto is that of John Y. Hite, who testified that he paid the notes from his own funds, and not from the funds of the corporation. The argument based on the supposed earnings of the corporation does not meet this testimony. If Hite received funds of the corporation for which he has not accounted, he can, of course, be held liable therefor. If such funds went into the payment of these notes, the corporation is entitled to have same extinguished. But merely to show that the corporation should have made profits is by no means a tracing of its funds into the notes. The referee, who saw Hite and heard him testify, accepted his statement that he paid same from his own funds. The District Judge has approved this finding. And we certainly would not be justified in reversing it and finding the contrary on the basis of mere argument as to the supposed earnings of the corporation.

Coming to the third question, we agree with appellants that the trustee of John Y. Hite and the persons to whom he assigned past-due notes stand in no better position with regard thereto than he would occupy if he still held the notes; but this is sufficient for their protection, as we think that he would be entitled to the subrogation which they ask. When the Forest Lumber Company assumed the payment of the notes of Hite secured by the land conveyed to it, it became in contemplation of equity the principal debtor under these notes, and Hite became a mere surety for their payment. Cobb v. Interstate Mortgage Corporation (C. C. A. 4th) 20 F.(2d) 786, 788; Klapworth v. Dressler, 13 N. J. Eq. 62, 78 Am. Dec. 69 and note. When therefore he was compelled to pay notes upon which he was only secondarily liable, he became entitled to subrogation to all of the security which the creditor held for their payment. Clayton v. Fort Worth State Bank (C. C. A. 5th) 4 F.(2d) 763, 765; Kyner v. Clark (C. C. A. 8th) 29 F.(2d) 545; Dater v. Anderson (C. C. A. 6th) 28 F.(2d) 944, 947; Brown v. Thompson, 99 W. Va. 56, 128 S. E. 309; Pomeroy's Equity Jurisprudence (4th Ed.) vol. 3, §§ 1211 and 1212. The rule is thus well stated by Judge Walker of the Fifth Circuit in Clayton v. Fort Worth State Bank, supra: "Where, on a sale of mortgaged property, the buyer, as part of the consideration or price agreed on, obligates himself to pay the debt secured by such mortgage, as between the buyer and seller, the buyer becomes the principal debtor to the mortgage creditor, and the seller becomes the buyer's surety. If, while such relation exists between the seller and buyer, the former is compelled to pay off the mortgage debt, he is entitled to be subrogated to the rights of the mortgagee, and to have the property subjected to the payment of the amount of the mortgage debt. Henson v. Reed, 71 Tex. 728, 10 S. W. 522; Wood v. Smith, 51 Iowa, 156, 50 N. W. 581; 37 Cyc. 465."

On the fourth question, the contention of appellants is that Miss M. Virginia Hite should be denied subrogation on the ground that she paid the debts of the corporation as a mere volunteer. This contention cannot be sustained. Miss Hite was a stockholder in the corporation and the uncontradicted testimony is that she purchased the notes as an investment upon the advice of her brother, who was president of the corporation. It is well settled that, where one purchases a note secured by a vendor's lien, and a purchase and not an extinguishment of the debt is intended, the purchaser acquires the right of subrogation as an incident of the purchase. Bispham's Principles of Equity (7th Ed.) 480, 481; 25 R. C. L. p. 1352; Calhoun v. Ainsworth, 118 Ark. 316, 176 S. W. 316, L. R. A. 1915E, 395; Henderson v. Hawley (Tex. Civ. App.) 237 S. W. 341. And if the transaction is in doubt, the presumption is that a purchase and not a payment was intended. Baer v. Security Trust Co. (C. C. A. 4th) 32 F.(2d) 147.

And, even if the notes be regarded as having been paid by Miss Hite, she is not to be treated as a volunteer and denied subrogation on that ground. As a stockholder of the corporation, she had an interest to protect in making the payments; and it would seem that on this ground alone she would be entitled to subrogation, as the loss to a stockholder resulting from foreclosure on property of a corporation is closely analogous to the loss to a cotenant from the foreclosure of a lien or mortgage on the common property. On the general principle here involved, see Pomeroy's Equitable Remedies (2d Ed.) vol. 2, § 921 (b); Redington v. Cornwell, 90 Cal. 49, 27 P. 40; note 99 Am. St. Rep. 504, 505; Fletcher's Cyc. of Corp. vol. 4, p. 3628; Haverford Loan Ass'n v. Fire Ass'n, 180 Pa. 522, 37 A. 179, 57 Am. St. Rep. 657. But, in addition to this, Miss Hite made the payments at the request of her brother, who was president of the debtor corporation and secondarily liable upon the notes himself, and is entitled to subrogation on that ground. 25 R. C. L. 1326, 1327; Pomeroy's Equitable Rem-

edies (2d Ed.) vol. 2, § 921 (e); Rachal v. Smith (C. C. A. 5th) 101 F. 159; Home Savings Bank v. Bierstadt, 168 Ill. 618, 48 N. E. 161, 61 Am. St. Rep. 146; Fort Jefferson Improvement Co. v. Dupoyster, 112 Ky. 792, 66 S. W. 1048, 2 L. R. A. (N. S.) 263; Huggins v. Fitzpatrick, 102 W. Va. 224, 135 S. E. 19.

The questions raised under the fifth point merit little discussion. There is no ground for estoppel; for if the representations of John Y. Hite be viewed in the light most favorable to appellants, it appears that he obtained no loan by reason thereof, and consequently no creditor can be said to have been misled thereby to his injury. We see no basis whatever for contending that appellees have been guilty of laches. The notes are not barred by the statute of limitations; and, while this fact is not conclusive on the question of the existence of laches, courts of equity will ordinarily be guided by the statute in passing upon that question. Pomeroy's Equitable Remedies (2d Ed.) § 20. The suggestion that John Y. Hite is to be deemed guilty of laches because he did not pay them out of the money passing through his hands ignores the fact that the money may have been needed for the other purposes of the business.

There was no error, and the decree of the District Court will be affirmed.

Affirmed.