**BENEKE et al. v. MOSS.**

**In re MOSS.**

**No. 3046.**

Circuit Court of Appeals, Fourth Circuit.

Feb. 9, 1931.

Howard D. Matthews, of Wheeling, W. Va. (Handlan, Garden & Matthews, J. Bernard Handlan, and G. Alan Garden, all of Wheeling, W. Va., on the brief), for appellant bankrupt.

B. S. Honecker, of Wheeling, W. Va., for appellant trustee.

James B. Riley and Robert J. Riley, both of Wheeling, W. Va. (Riley & Riley and T. S. Riley, all of Wheeling, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

McCLINTIC, District Judge.

Joel E. Moss was duly adjudged a bankrupt, and George C. Beneke was duly appointed trustee of the bankrupt estate. Then a very unusual situation in this matter appears. There was a surplus of assets after all the claims filed and allowed were paid in full, and there is sufficient funds in the hands of the trustee to pay in full the claim herein asserted. Sarah T. Moss, the wife of Joel E. Moss, the bankrupt, filed in due form and time certain claims against the bankrupt estate of her husband. The trustee strongly objected to their allowance. Evidence was taken by the referee, and certain of the claims were allowed by an order of the referee entered on the 16th day of January, 1930. The trustee filed a petition for the review of one claim. The learned District Judge, by an order entered on the first day of March, 1930, confirmed the order of the referee. From that order the trustee appealed to this court.

The claim allowed, as shown by the order of the referee, is as follows:

"And it being agreed and stipulated by counsel for the trustee and counsel for the claimant that if the claimant, Sarah T. Moss, is entitled to recover anything under Item D of her said proof of claim that the proper amount to be recovered is the sum of $7,212.-50, and the Referee doth allow to the said

Sarah T. Moss the sum of $7,212.50 of the amount set forth and claimed under Item D of said proof of claim and doth find that the said Sarah T. Moss had title to said fifty (50) shares of stock of Sterling Products and that the said Joel E. Moss converted the same to his own use by selling said stock and making use of such money himself.

"And it being agreed and stipulated between counsel for the trustee and counsel for the claimant, Sarah T. Moss, that should the finding of the court be in her favor the claimant, Sarah T. Moss, is entitled to recover under Item E of her said proof of claim interest at the rate of six per cent per annum from the 22nd day of March, 1928, until payment; and it appearing to the Referee that the said Joel E. Moss is solvent the Referee doth find for and doth allow to the said Sarah T. Moss interest at the rate of six per cent per annum on the sum of $7,212.50 from March 22, 1928, until payment."

The assignments of error by the appellants, Beneke, trustee, and Joel E. Moss, so far as the same were presented by the record and by oral argument and in the brief of their counsel, are as follows:

"The sum of $7,212.50 should not have been allowed the said Sarah T. Moss under Item D of her Proof of Claim and the said Referee erred in finding that the said Sarah T. Moss had title to said 50 shares of stock of Sterling Products Company and that the said Joel E. Moss converted the same to his own use by selling said stock and making use of said money himself.

"The Referee erred in finding that the said Sarah T. Moss is entitled to recover interest at the rate of 6% per annum on the said sum of $7,212.50 from March 22, 1928, until payment which interest claim is set forth in Item E of the Proof of Claim of the said Sarah T. Moss."

It is conceded that the appellant Joel E. Moss purchased on or about the 28th day of February, 1924, fifty shares of stock of the Sterling Products, Inc., and made a gift thereof to his wife, appellee, Sarah T. Moss. The stock certificate was issued to her and was actually delivered to her. It is proven that later, on or about the 15th day of June, 1927, Sarah T. Moss signed her name upon the back of such certificate and delivered the same to Joel E. Moss; that on the 8th day of March, 1928, the stock was transferred from the name of Sarah T. Moss to that of Joel E. Moss; that the stock was transferred out of his name on the 20th day of March, 1928, and was exchanged for the stock of another corporation, called "Drug, Inc."

It is further proven that Sarah T. Moss received regular dividends upon this stock from its date of issue to her until the 8th day of March, 1928. It is further proven that by letter of the 7th day of March, 1928, the certificate thus indorsed in blank by Sarah T. Moss was sent by the Central Trust Company to the transfer office of the Sterling Products, Inc., to be transferred to the name of Joel E. Moss, and that the signature of the name of Sarah T. Moss was guaranteed by the trust company. The name "Joel E. Moss" and the word "fifty" were written then on the back of the certificate by the transfer clerk. It is proven that a suit for divorce was instituted by Sarah T. Moss against Joel E. Moss on the 28th day of February, 1928. It is contended by Sarah T. Moss that she indorsed the certificate in blank and delivered the same to Joel E. Moss as a loan to be used by him as collateral for the purpose of securing a loan of money. On the other hand, he contends that this indorsement of the certificate and delivery of the same to him constituted and was intended to be a gift of it to him.

Upon the question of fact thus raised, the referee found that the delivery by Sarah T. Moss of the certificate of stock so indorsed in blank to Joel E. Moss was a loan and not a gift, and that the title thereto remained in Sarah T. Moss, and that Joel E. Moss converted the same to his own use by selling the stock and making use of the money derived therefrom, and that the claim for the amount of the value of the stock should be allowed and paid by the trustee of the bankrupt estate. This finding of fact by the referee was affirmed by the court below.

The familiar rule that the appeal court will not reverse or disturb such finding, where the same is based upon the evidence of witnesses seen and heard by the referee (and there is substantial evidence in the record sustaining such finding), is quite applicable here, and we do not think it necessary to quote authority to support such a well-known doctrine. As we view the case as shown by the record, the decision of the court below on this question of fact, supported as it is, must be held final and the end of the controversy.

The appellant's brief admits the gift of the certificate by the husband to the wife, and then says that the questions involved are these:

"First: Did the assignment of Sarah T. Moss of said certificate on June 15th, 1927, do what it purported to do, that is, 'sell, assign and transfer unto Joel E. Moss fifty (50) shares,' etc.?

"Second: May an assignment such as the one in question which is absolute and unambiguous on its face be controverted by oral testimony?

"Third: If such an assignment may be controverted by oral testimony has the claimant, Sarah T. Moss, sustained the burden of so doing in this case?"

It is certainly not unusual for a husband to borrow from a wife, who may be the owner of stocks, a certificate for the purpose of using the same as collateral in negotiating a loan, and, when she signed the blank assignment on the back thereof and delivered it to her husband for the purpose of permitting him to use it as such collateral, it did not mean that, as between such husband and wife, then living together as such, the signing and delivery of the certificate was an outright gift thereof.

Joel E. Moss advanced the claim in his testimony that Sarah T. Moss understood and agreed that the certificate was to be used by him for the purpose of raising money with which to pay urgent bills, caused by a European trip of the Moss family. These debts were such that the husband was liable therefor, and not the wife. There is nowhere in the record of this case any consideration or reason given for the delivery to Joel E. Moss of this certificate, except as just stated. If Sarah T. Moss had indorsed the note made by Joel E. Moss, and had paid the note, certainly he would have been liable to her for the amount paid. Why should he not be liable for the value of the stock certificate, which took the place of the indorsement of the note?

The claim that the assignment in blank of the certificate cannot be controverted, by oral testimony, is not tenable under the circumstances of this case. It has always been held that a deed absolute on its face could be proven to have been delivered as a mortgage. York, Adm'r, v. Meek, 91 W. Va. 106, 112 S. E. 404.

Parol evidence was held to be admissible to show that a blank indorsement and delivery of a negotiable instrument was made solely for the purpose of collection or discount. Howell v. McCarty, 77 W. Va. 695, 88 S. E. 181.

In the case of Whitaker v. Lane, 128 Va. 317, 104 S. E. 252, 262, 11 A. L. R. 1157, the court, referring to the parol evidence rule, said: "But the rule does not forbid the use of parol evidence to show the circumstances of delivery of unsealed instruments, as that an instrument executed and delivered for one purpose was being diverted and used for a different purpose."

Every day thousands of certificates of stock are assigned in blank and delivered to bankers and brokers as collateral, with no other written instrument connected therewith. No one could reasonably contend that, if the banker or broker converted any such certificates of stock so assigned, the real owner could not recover for such conversion and prove by parol evidence the real purpose for which the assignment was executed and the delivery of the certificates of stock made.

We hold, therefore, that there is no error in this case and that the orders appealed from should be affirmed.

Affirmed.