### In re SPOTLESS TAVERN CO., Inc.
### No. 7245.

District Court, D. Maryland.
Oct. 10, 1933.

Paul C. Wolman and Daniel Sullivan, both of Baltimore, Md., for petitioner.

McWilliams & Duckett, of Baltimore, Md., for respondent.

CHESNUT, District Judge.

The adjudication in bankruptcy occurred on January 11, 1933. The bankrupt had been engaged in conducting a restaurant at Annapolis, Maryland. At the time of the adjudication there was on record what purported to be a valid chattel mortgage on the fixtures of the bankrupt's business place in the amount of $3,000 in favor of one Steve Foundas, which had been duly executed and recorded July 20, 1932.

Shortly after the adjudication these fixtures were sold by the receiver to the said Steve Foundas for $325 subject to the chattel mortgage, and were subsequently removed from the premises. Steve Foundas has also filed claim on a judgment note for $1,500 dated July 20, 1932, on which judgment was later recorded in Anne Arundel County.

In due course a trustee in bankruptcy was appointed and on April 24, 1933, on the basis of information shortly theretofore received, filed a petition to rescind the sale and to avoid the mortgage as a fraudulent conveyance under United States Code, Title 11, § 110 (e) which provides that:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication."

An answer thereto was filed by Steve Foundas and the questions raised by the petition and answer were referred to the referee (Daniel M. Murray) to hear, determine and report. By amendment to the petition the trustee also attacked the mortgage on the ground that it was not a duly authorized corporate act.

The referee heard the evidence of numerous witnesses for the respective parties and also argument of counsel, and considered elaborate typewritten briefs filed by them with him. By his report filed June 29, 1933, (now the subject of the petition for review) the referee concluded as a matter of fact that the mortgage had been given pursuant to a fraudulent scheme entered into by and between the mortgagee and the majority of the officers, directors and stockholders of the bankrupt to hinder, delay and defraud creditors in that the only consideration for the mortgage of $3,000 was an advance of $255 and that at the time of the giving of the mortgage the bankrupt was indebted to numerous persons without apparent ability to pay and there was in contemplation by the parties a subsequent bankruptcy and a re-opening of the business by practically the same parties with the use of the same fixtures after title thereto had been obtained through the color of the fraudulent mortgage encumbrance. The referee also found that the giving of the $1,500 judgment note was without consideration and a part of the same general fraudulent scheme. Thereupon the referee passed an order "that the chattel mortgage and the confession judgment note aforesaid be and the same are hereby vacated, and the sale of the property purported to be covered thereby set aside, and all claims of the said Steve Foundas against the bankrupt estate dismissed and the said Steve Foundas or the person now in possession thereof is directed to return to the bankrupt the fixtures and chattels mentioned in this petition, or the appraised value thereof."

The extended oral testimony heard by the referee has not been stenographically reported but has been summarized very fully in the referee's report. This is in accordance with General Order No. 27 in Bankruptcy (11 US CA § 53), which reads as follows:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the ques-

tion presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

See to the same effect Rule 5 of this Court of the Bankruptcy Rules, page 69, reading as follows:

"In certifying to the court questions covered by the petition to review, the referee shall include in his findings of fact a summary of the testimony on which such findings are based and shall then give his conclusions of the law."

It should be noted that the order of the referee, setting aside the sale and vacating the mortgage, makes no provision for the return of the cash consideration paid to the bankrupt estate by Steve Foundas as purchaser of the property subject to the mortgage; and likewise no allowance is made for the sum of $255 admitted to have been advanced by Foundas at or before the execution of the mortgage. In addition thereto it was agreed by counsel at the hearing on the petition to review that Steve Foundas had paid the sum of $213 to redeem a part of the fixtures bought by him from the receiver from a superior lien, the return of the particular chattels having been authorized by order of court, or in lieu thereof a payment to the lien claimant of $213. And it further appeared that certain of the chattels covered by the mortgage and receiver's sale to Foundas had been reclaimed and returned to the original vendors by due authority in the administration of the estate. The appraised value of these last named articles was $1,400 or more. Counsel for the trustee concede that he is not entitled to the return of these last mentioned articles which Foundas has in fact not received and therefore the appraised value thereof is properly to be deducted from the appraised value of all the articles covered by the sale and the chattel mortgage, leaving the gross appraised value of the articles to be returned $1,899.50. Counsel for Steve Foundas, however, contend that if he elects to pay the appraised value of the articles instead of returning them in kind, there should be a further deduction of the items above mentioned of (a) $255 cash advanced prior to the making of the mortgage; (b) $325 paid to the receiver as the purchase price and (c) $213 paid to redeem one of the articles from a superior lien.

The dominant contention urged on the petition for review is that the referee's finding of fact that the mortgage was fraudulent in fact to the knowledge and with the participation of the mortgagee is not sustained by the evidence. In passing on this question attention should be called to General Order in Bankruptcy No. 47 (11 USCA § 53), as recently amended by the Supreme Court (effective September 1, 1932) which reads as follows:

"The reports of referees in all cases and proceedings in bankruptcy shall be deemed presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed: Provided, That when any matter is referred by consent of all parties in interest and the intention is plainly expressed in the consent order that the submission is to the referee as an arbitrator, the court may review the same only in accordance with the principles governing a review of an award and decision by an arbitrator."

It is not contended that this reference was to the referee as an arbitrator. But it is to be noted that the report of the referee is to be deemed "presumptively correct" and is to be modified or set aside only when the court in the exercise of its judgment is "fully satisfied that error has been committed." This rule thus formally and authoritatively promulgated by the Supreme Court is in effect a restatement of the rule and practice as it has been currently understood and applied in this District and in other districts heretofore. Collier on Bankruptcy (13th Ed.) vol. 1, pp. 966–972. In the case of In re Bresnan, 45 F.(2d) 193, 194, Judge Coleman, for this Court, said:

"However, if the referee's findings on questions of fact are based upon a review of conflicting evidence or involve weighing the credibility of witnesses, they are entitled to very great weight, and will not be rejected or disregarded by the court unless manifestly erroneous. Free v. Shapiro (C. C. A.) 5 F. (2d) 578."

Recent cases in the Circuit Court of Appeals of this Circuit to the same general purport are: Beneke v. Moss, 46 F.(2d) 948; Gross v. Tierney, 55 F.(2d) 578, 581; Willis v. Blue Ridge Bank (C. C. A.) 15 F.(2d) 848; Baer v. Security Trust Co. (C. C. A.) 32 F. (2d) 147.

I have carefully reviewed the testimony as summarized by the referee and have considered the oral and written briefs of counsel commenting on its effect. In the language of the amended General Order No. 47, I am not fully satisfied that the referee is in error in his conclusion of fact with regard to the

fraudulent character of the mortgage. The testimony is conflicting and the conclusion of fact dependent very largely upon the credibility of the witnesses. The crucial question was whether the consideration for the mortgage therein recited was in fact given by the mortgagee to the bankrupt. On behalf of the mortgagee it was said that cash aggregatin $4555 had in fact been advanced by the mortgagee to the bankrupt over a period of several months in varying amounts and on numerous different occasions. None of the payments were made by check although the mortgagee had several bank accounts; and at no time was any written receipt given for any of the sums asserted to have been advanced. The only written evidence of any kind of the advances were rather informal notations made in a small memorandum book by the mortgagee's secretary, the probative force of which was deemed by the referee to have been successfully overcome by testimony on behalf of the trustee. There was no satisfactory evidence to trace any of the alleged advances, with the exception of the admitted amount of $255, into the bank account of the bankrupt or otherwise into its possession. Two of the three active officers of the bankrupt specifically denied that any sum beyond $255 had been advanced by the mortgagee, while the third officer of the bankrupt and the mortgagee testified positively to the advances having been made in the aggregate amount of $4555. It is apparent that in the absence of any satisfactory written evidence of the amount of the advances, the conclusion of fact was directly dependent upon the credibility of the witnesses in connection with other facts and circumstances of the case. The finding of fact by the referee was therefore not based merely on his inferences from admitted facts but was largely dependent on his estimate of the credibility of the respective witnesses. This is, therefore, a typical case where the finding of facts by the referee, who saw and heard the witnesses, should not be set aside where it is based, as it was here, upon at least substantial affirmative evidence.

■ In view of this finding of fact by the referee his conclusion of law that the mortgage must be vacated was entirely correct. It is, therefore, unnecessary to consider the contention urged on behalf of the trustee that the mortgage as made was not an authorized corporate act, by reason of the failure of the directors to formally approve it as required by the by-laws.

■■ The referee's finding of fact also justifies his conclusion of law that the claim on the confessed judgment note should be disallowed. And the order was also proper in setting aside the sale by the receiver to Foundas. While there was no proof of additional affirmative fraud on the part of Foundas with respect to the purchase from the receiver, nevertheless the referee apparently found that his original fraudulent intent with respect to the acquisition of the property still existed and this was concealed by him from the receiver who obviously would not have made the sale under authority of the court if the true facts had been known. Indeed I do not understand counsel for Foundas to contest the propriety of the referee's order in vacating the receiver's sale if the finding that the mortgage was fraudulent is to be confirmed.

Counsel for Foundas do, however, contend that upon the vacation of the mortgage and setting aside of the sale, provision must be made to credit or refund to Foundas the three items of disbursement made by him as above mentioned. The referee's order allowed none of the credits. It is necessary to consider them separately as they fall into different categories.

■ As to the item of $255 admittedly advanced at the time of the giving of the mortgage, I am clearly of the opinion it cannot be allowed either as a secured or an unsecured claim in view of the referee's finding of actual fraud as distinct from merely constructive fraud on the part of the mortgagee. Strike v. McDonald & Son, 2 Har. & G. (Md.) 191, 261; Bagby's Annotated Code of Maryland, art. 39B, §§ 9 (2), 11, Uniform Fraudulent Conveyance Act; In re Friedman (D. C. Wis.) 164 F. 131, 143; In re Hugill (D. C. Ohio) 100 F. 616; Burt v. C. Gotzian & Co. (C. C. A.) 102 F. 937, certiorari denied 179 U. S. 684, 21 S. Ct. 916, 45 L. Ed. 385; 79 A. L. R. 133.

■ But the situation is materially different with regard to the item of $325 paid by Foundas as purchaser of the property from the receiver. The ordinary rule is that when a sale is avoided by the vendor he must return the consideration received. In opposition, counsel for the trustee in bankruptcy relies on the doctrine that actual fraud against creditors on the part of the grantee will disentitle him to any credits for betterments to the property conveyed or for sums expended in paying the taxes or in paying off liens or encumbrances. Milwaukee & M. T. Co. v.

Soutter, 13 Wall. 517, 20 L. Ed. 543; Irving Trust Co. v. Finance Service Co. (C. C. A. 2) 63 F.(2d) 694; 8 A. L. R. 527, 529, 543, note. The reason for the rule, which is an equitable one, is that the transfer is void and the creditors are entitled to retake the property as they find it, and equity will not aid a particeps criminis. But while this rule, by the weight of authority including federal decisions, is very generally applied, yet as an equitable doctrine it is not absolutely inflexible and has not been invariably applied under all conditions. 27 C. J. 674; Millholland v. Tiffany, 64 Md. 455, 2 A. 831; Chatterton v. Mason, 86 Md. 236, 37 A. 960; Jackson v. Ludeling, 99 U. S. 513, 25 L. Ed. 460; Ladd v. Perry (C. C. A. 7) 28 F.(2d) 975. Compare Irving Trust Co. v. Finance Service Co. (C. C. A. 2) 63 F.(2d) 694, 696. And no case has been called to my attention which applied the rule to the situation that we have here. This item of $325 was not paid by the mortgagee to *improve* the property for his own benefit but to *acquire* it from the bankrupt estate, and the money was not expended on the property but paid to the receiver. The sale was, of course, made under the authority of an order of court and the money paid to an officer of the court. It seems to me entirely inequitable, and beneath the dignity of the court, to permit the bankruptcy estate to retain this money when the sale is set aside by order of court. In my opinion, therefore, the item of $325 must be returned by the trustee to the purchaser if the property is surrendered.

█ There is perhaps more doubt as to the proper disposition of the purchaser's claim for credit for the item of $213 paid to redeem one of the chattels from a conditional vendor who had a superior lien claim. Here the money was paid by the mortgagee to discharge a prior encumbrance and therefore would seem possibly to be within the ordinary operation of the rule, but I think there is a sufficiently distinguishing circumstance in that the money was not paid by the mortgagee while in possession of the property but under an order of court to obtain its possession. During the administration of the bankruptcy proceedings the prior lien claimant asserted his right to re-take the property and the official representative of the creditors was ordered by the court to return the chattel not to the mortgagee but to the lien claimant, or in lieu thereof, pay the amount of his claim; and thereupon the amount was paid by Foundas to discharge the encumbrance. The result will be that when the goods are re-taken by the trustee the bankruptcy estate will have received a benefit to the extent of the payment without consideration unless the item is refunded to Foundas. In substance and effect the sum so paid by him was an increase in the purchase price and should be logically treated in the same way as the item of $325 above discussed.

The referee's order required the purchaser to "return to the bankrupt the fixtures and chattels mentioned in this petition, or the appraised value thereof." After deduction of the value of certain chattels reclaimed under superior title and which Foundas therefore did not receive, the appraised value of the remaining articles as agreed by counsel is $1,899.50. The referee's order does not take these articles into account but it is the agreement of counsel that credit for them must be given as against the appraised value of the chattels. With this understanding the effect of the referee's order is to require the return of the articles received by Steve Foundas under the sale, or the payment to the bankruptcy trustee the appraised value thereof, to wit, $1,899.50.

█ The order should be modified to the extent of providing that if the articles are returned by Foundas to the trustee, there shall contemporaneously be refunded to Foundas by the trustee the sum of $538 consisting of (a) the purchase price of $325 paid to the receiver and (b) the sum of $213 paid by Foundas to exonerate a particular chattel from a superior claim. But if Foundas retains the articles he must pay the bankruptcy trustee the sum of $1,899.50 with interest at six per cent. from April 24, 1933, as claimed by the trustee. Of course the trustee will not be obliged to accept the return of the articles unless they are in a condition substantially as good as when previously delivered to Foundas. Impairment of value, if any, by reason of removal from the premises where originally installed is, however, I think, not chargeable to Foundas, as it was a necessary incident of the sale to him.

Except as so modified the referee's findings and order are confirmed. Counsel should confer and if possible agree upon the form of order to be prepared and submitted in conformity herewith.