Henderson, Ciiief-Justice.
 

 ’fo do not mean to decide the question whether an administratop'or executor, who goes beyond liis assets in payment'of debts, without showing a special reason for doing so, -can; claim to be reimbursed out of the real estate. • .Here, the administrator has made out a very clear and strong case, why he was compelled to pay debts beyond the amount of his testator’s personal estate; and lias given a very satisfactory reason, why he, in his inventory, charged himself with the full amount of the apparent debt due his intestate from
 
 Reuben
 
 Sanders, and how it was after-wards diminished by throwing on .this;.estate, a claim which
 
 Reuben Sanders
 
 had on the co-partnership, by the insolvency of
 
 White,
 
 one of the partners. We think that the plaintiff did not act improperly in charging himself with the full amount of that debt in his. inventory, and that it was his duty to allow the decree 'obtained by
 
 Reuben Sanders
 
 against him, an account of
 
 While’s
 
 insolvency, as a set-off against it. If by tliese means, he was charged and did pay to creditors.beyond his assets, he has a fair claim in this court to a reimbursement.— Next as to the proof. The decree irt the shit- of
 
 Reuben
 
 Sanders, against the co-partnership, fixes, as to the defendants, both the amount of his claim, aiul .the liability of the administrator to the sum decreed against him for
 
 *264
 
 the insolvency of
 
 While,
 
 for, that would haye been its effect in a suit at the instance of
 
 Reuben Sanders
 
 to subject the real estate to its payment, and such must bo its effect in favor of those who are substituted to his rights. The conclusive effect of that suit arises from the
 
 peculiar relation subsisting in our law,
 
 between the personal representative and the heir. I call it
 
 peculiar,
 
 for I believe it no where else exists. Here they are not strangers as they are in England, but there is a
 
 quasi
 
 privity betweenthem, as the former defends as well for the heir, as for the other creditors, the legates, and next of kin. The judgment against him, in the absence of fraud, is conclusive upon all, except as to the plea of fully admin-istcrcd. The law allows the heir to contest that, when brought m to show cause, not why th© creditor should recover his debt, but why he shall not have his judgment, obtained against the executor or administrator, levied out of the real estate. It is upon this privity that an executor or administrator, who'll as disbursed beyond his assets, stands in a different situation from a mere officious intermeddler, who obviously pays money for another, and then claims reimbursement. What may be the effect of such a state of facts, this case does not require us to decide. The debt being thus conclusively fixed on the heir, there being no fraud, no collusion, it remains to prove the expenditure of assets, and as to that, an account must betaken.
 

 ■ciudedTy a ju%ment against the to every thing but the amount of as-the latter.
 

 Per Curiam.' — Direct an account.