A. E. DENTON, Administrator of F. J. RANDOLPH, dec'd v.
AARON TYSON, et al.

*Administration— Widow's Allowance—Priority of Wid-
ow's Claim—Sale of Land for Assets—Payment of Debts
by Administrator—Subrogation to Rights of Creditors
—Surplus of Proceeds of Sale of Land to Pay Debts
Remains Real Estate.*

1. A widow's claim to her year's allowance has priority over all
   other claims against a decedent's estate except such as are
   secured by specific liens on property, even over funeral
   expenses and costs of administration.

2. Where, in the absence of personal assets of a decedent's estate,
   the administrator pays debts out of his own pocket, he is enti-
   tled to be subrogated to the rights of creditors and to have
   the land sold for his reimbursement.

3. In case of sale of land for assets to pay debts of a decedent, the
   surplus, after paying the debts and costs, remains real estate
   and cannot be applied to the payment of a judgment against
   the administrator in favor of the widow for the balance of
   her year's allowance.

PETITION for the sale of land for assets pending in the
Superior Court of GREENE County, transferred to Term for
trial, and heard before *Brown, J.,* at May Special Term,
1894. From a judgment of his Honor remanding the case
to the clerk and directing its dismissal the plaintiff
appealed. The facts are stated by Associate Justice FUR-
CHES.

*Messrs. J. B. Batchelor* and *Swift Galloway,* for plaint-
iff (appellant).
*Messrs. Shepherd & Busbee,* for defendants.

FURCHES, J. : This is an application by an administra-
tor to sell land for assets, and is resisted by the heirs upon

DENTON v. TYSON.

the ground that there was sufficient personal property to pay the debts and costs of administration, if the same had been properly applied. And it appeared on the trial that the year's support of the widow had been laid off and assigned to her, which included all the personal estate of her husband, except the sum of $89.06 cash on hand at the death of the husband. Besides the specified articles of personal property allowed the widow, she was also allowed the sum of $182 in cash, to be paid her out of the personal estate by the administrator, who is the plaintiff. Upon this money allowance he paid the widow the $89.06 cash on hand at the death of the husband and took her receipt for the same. The plaintiff then proceeded to pay out of his own money, on funeral expenses, costs, attorney fees, &c., $104, and asks to be subrogated to the rights of the parties to whom he paid this money, and for an order of sale. Some of the claims paid by plaintiff are contested as being improperly paid. But, if he had the right to pay the $89.06, then it is admitted that the estate would be due the plaintiff $43.77 on claims paid by him, which are not disputed by the defendants.

This being an application to sell land for assets, it is not necessary that we should pass upon the correctness of the claims paid by plaintiff, further than is necessary to see that there are debts unpaid and that there are no personal assets to pay them.

This brings us to the question presented in this appeal: Did the plaintiff have the right to pay the widow the $89.06 on her year's allowance, in preference to paying the funeral expenses, cost and charges of administration? We think he had. It is the duty of the administrator to assign or cause to be assigned to the widow her year's support. *Code*, Sec. 2120. If there is not a sufficiency of specific articles on hand to make up the allowance, the balance

shall be assessed and paid in money.  *Code*, Sec. 2116. And this shall have preference over general creditors and judgment liens.  *Code*, Sec. 2116; *Williams* v. *Jones*, 95 N. C., 504.  It does not appear that any of these debts were secured by specific liens.  But if that were so, it could make no difference to the defendants, as the question with them is *debt or no debt* and not as to how it is secured.  The question of lien could only arise as to creditors.

There is no allegation of fraud or want of good faith on the part of the plaintiff in making these payments; and this being so he has the right to be subrogated to the rights of the creditors, and to be repaid out of the proceeds arising *from the sale of land.*  *Turner* v. *Shuffler*, 108 N. C., 642 ; *Clark* v. *Williams*, 70 N. C., 679.  But the widow will not be entitled to any further payment on her year's support out of money arising from the sale of land.  And if the land sold should bring more than is sufficient to pay the proper expenditures of the plaintiff in the course of his administration, the residue will remain real estate.

There is error, and this will be certified to the end that the plaintiff may proceed according to law.

Error.