HUGHES, Appellant, vs. THOMAS and others, Respondents.

*March 20—April 9, 1907.*

*Subrogation: Advances to pay off incumbrance: Defective security: Laches: Limitation of actions: Mortgages: Extension of time by partial payment.*

1. One who advances money to pay off an incumbrance upon property under an agreement that he is to have security thereon will not be regarded as a mere volunteer, but will be subrogated to the rights of the original incumbrancer if his own security turns out to be defective and there are no intervening equities.
2. The widow of a testator was given a life estate in land and became executrix of the will. The personal estate was insufficient to pay debts, and in order to obtain money to pay off an overdue mortgage on the land she gave to another person a new mortgage which was intended and understood to cover the fee and not merely her life estate. No equities having intervened,

the new mortgagee is *held* .entitled to be subrogated to the rights of the original mortgagee. *Conner v. Welch*, 51 Wis. 431, and *Watson v. Wilcox*, 39 Wis. 643, distinguished.

3. The right to subrogation in such a case is not barred by mere delay short of the statutory period of limitation, in the absence of an equitable estoppel, no rights of third persons being prejudiced by the delay.

4. Payment of interest upon a past-due note secured by mortgage extends the time within which, under sec. 4220, Stats. (1898), an action may be brought to foreclose the mortgage to twenty years from the date of such payment.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a demurrer to the plaintiff's complaint. The complaint alleges, in substance, that one John S. Thomas and Ann Thomas, his wife, on the 30th day of October, 1876, executed and delivered to one John E. Williams their promissory note in writing, by which, for value received, they promised to pay said John E. Williams, or order, four years after date, $400 with interest at eight per cent. per annum, payable annually; that to secure said note they did at the same time execute under their hands and seals and deliver to said John E. Williams a mortgage upon the E. ½ of the S. W. ¼, sec. 13, town 17, range 15 E., which mortgage was in the usual form, and provided for the payment of $50 solicitor's fees in case of nonperformance of any of the conditions thereof, which mortgage was duly executed, witnessed, acknowledged, and recorded in the office of the register of deeds of Winnebago county, in which county said land is situate, on the 30th day of October, 1876; that on August 2, 1893, John S. Thomas died seised of said property, leaving a will duly admitted to probate November 14, 1893, wherein Ann Thomas was named as executrix, and letters testamentary issued to her on November 14, 1893; that by the terms of the will said real estate was left to Ann Thomas during her life, and at her death to go in equal shares to *David E. Thomas, Evan J. Thomas,* and *John R. Thomas,*

sons, *Margaret E. Holdren, Mary Ida Gooseman, Hannah Maria Wiley,* daughters, and *John R. Ellis* and *Sarah J. Ellis Evans,* grandchildren; that the defendants *David E. Thomas, Evan J. Thomas, John R. Thomas, Margaret E. Holdren, Mary Ida Gooseman, Hannah Maria Wiley, John R. Ellis,* and *Sarah J. Ellis Evans* are the said heirs and devisees of John S. Thomas, deceased, the defendant *Mrs. David E. Thomas* being the wife of defendant *David E. Thomas, Mary Thomas* the wife of defendant *Evan J. Thomas,* and *Mary Ellis* the wife of defendant *John R. Ellis;* that so far as the action relates to *Margaret E. Holdren, Mary Ida Gooseman, Hannah Maria Wiley,* and *Sarah J. Ellis Evans* it concerns their separate property; that the personal property left by John S. Thomas was insufficient to pay funeral expenses and unsecured debts; that the interest on said indebtedness was paid to John E. Williams by John S. Thomas whenever due.

The complaint then alleges that in 1898, the mortgage being due and John E. Williams pressing for payment, Ann Thomas, widow of John S. Thomas, and executrix, solicited from Owen J. Hughes a loan to be used solely and entirely to pay said note and mortgage; that in consideration of said loan Ann Thomas represented and promised to Owen J. Hughes that she would deliver to him security for the payment of said loan which should bind and be a lien upon the mortgaged property; that relying upon such representations and promises Hughes did, at the solicitation of Ann Thomas and upon her promises to secure the repayment thereof, and not in self-interest but solely in kindness, on the 10th day of October, 1898, loan to Ann Thomas $400, which sum was on the 10th day of October, 1898, in pursuance of the representations and agreements, paid by Ann Thomas to John E. Williams, who on said 10th day of October, 1898, released and discharged of record the mortgage hereinbefore referred to; that in pursuance of the agreements aforesaid Ann Thomas on the 10th day of October, 1898, executed and delivered to Owen

J. Hughes her promissory note, wherein she promised to pay to Hughes or his order, five years after date, $400, with interest at five per cent., and executed and delivered to Hughes a mortgage upon the property in question and hereinbefore described to secure the payment of said note, which mortgage was in the usual form, said Ann Thomas covenanting in said mortgage to pay $30 solicitor's fees in case of foreclosure; that the mortgage was duly executed, acknowledged, and recorded in the office of the register of deeds of Winnebago county on the 10th day of October, 1898; that the interest on said note was paid up to the 10th day of October, 1901, by Ann Thomas; that on December 12, 1902, said mortgage and indebtedness represented thereby was for value received assigned by Owen J. Hughes to the plaintiff.

The complaint further alleges that Ann Thomas was not on the 10th day of October, 1898, the owner of the property and had no authority to mortgage the premises, and that said mortgage is invalid; that the proceeds of the promissory note for which said mortgage was given were used expressly for the benefit of the estate of John S. Thomas, being used to pay a debt of the said estate; that Ann Thomas died March, 1902, and left no property out of which the claim of plaintiff can be collected; that no proceedings have been had at law or otherwise to recover the sum secured by the note and mortgage, and that no part thereof has been paid or collected.

The complaint prays that the amount due the plaintiff be adjudged and be a lien against the premises; that the first-named mortgage be revived to the amount of the sum loaned by Owen J. Hughes, and that the plaintiff be subrogated to the rights of the mortgagee; that the satisfaction of said mortgage be canceled, and plaintiff's claim be adjudged to be secured by said mortgage, and the defendants, or persons claiming under them, be barred and foreclosed of all right in the property; and for general relief.

The defendants demurred upon the following grounds: (1) That the action was not commenced within the time lim-

ited by sec. 4220, Stats. (1898) ; (2) that the action was not commenced within the time limited by sec. 4222, Stats. (1898) ; (3) that said complaint does not state facts sufficient to constitute a cause of action.

*C. D. Cleveland, Jr.,* for the appellant.

*Charles H. Forward,* for the respondents.

KERWIN, J. The right of subrogation exists independently of contract and is equitable in its nature. It is a means by which justice may be accomplished by subrogating one party to the rights of another in accordance with the recognized principles of equity jurisprudence. Sheldon, Subrogation, §§ 1–4; *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106. There can be no doubt that in the case before us the life tenant, having an interest in the property covered by the mortgage, could have paid the mortgage in order to protect her interest, and upon such payment would have the right to be subrogated to the interest of the mortgagee, the object being to do substantial justice independent of form or contract relation between the parties to be affected by the subrogation. Sheldon, Subrogation, §§ 1, 4, 7, 12; *Charmley v. Charmley, supra,* and cases cited. The claim of plaintiff upon the facts admitted by the demurrer is based mainly, if not wholly, upon the relations arising between Hughes and Ann Thomas, the life tenant, by virtue of the transaction resulting in the loan by Owen J. Hughes to Ann Thomas and the execution and delivery by her to Hughes of the second mortgage. It appears from the record that the court below arrived at the conclusion, substantially, that upon the allegations of the complaint Owen J. Hughes got a mortgage upon the life interest of Ann Thomas only, and that it must be presumed that Hughes took the mortgage with knowledge of the state of the title, and, if he did not have knowledge, both he and his assignee, the plaintiff, were guilty of gross negligence in not ascertaining the facts; that, assuming Ann Thomas agreed to give a mortgage on the fee, such mortgage did not bind the

owners of the fee, and Hughes was a mere volunteer.    There
is considerable force in the position of the trial judge and
the reasons advanced for his decision, and we should be better
pleased had the pleader set up more specifically the facts go-
ing to show that Hughes understood that he was getting a
mortgage upon the fee and not upon the life interest of Ann
Thomas.    But we are forced to the conclusion that upon a
liberal construction of the complaint it is capable of the con-
struction that Ann Thomas intended to give and Hughes to re-
ceive a mortgage upon the fee to the extent, at least, of·giving
Hughes all the rights of the original mortgagee, whose mort-
gage was paid with the money loaned by Hughes upon the
property.    The mortgage to Hughes recited that it should
"bind and be a lien upon said property," and it is reasonable
to suppose that the parties intended it to cover the fee.    It
can hardly be said that Hughes would loan that amount of
money upon a life interest which might be terminated at any
time and leave him without security.    This is not the way
prudent men ordinarily do business.    The agreement of the
life tenant and executrix to give a mortgage on the fee, and
the execution and delivery of it and payment of the original
mortgage with the money, would bind the fee to the extent of
subrogating Hughes or his assignee to the interest of the orig-
inal mortgagee.    *Levy v. Martin,* 48 Wis. 198, 4 N. W. 35;
*Morgan v. Hammett,* 23 Wis. 30; *Lashua v. Myhre,* 117 Wis.
18, 93 N. W. 811; *Blodgett v. Hitt,* 29 Wis. 169; *Bolman v.
Lohman,* 74 Ala. 507; *Payne v. Hathaway,* 3 Vt. 212; *Crip-
pen v. Chappel,* 35 Kan. 495, 11 Pac. 453.    It seems to be
well settled, and we think on sound principles, that where the
security given for the loan which is used to pay off an incum-
brance turns out to be void, although the party taking it ex-
pected to get good security, he will be subrogated to the rights
of the holder of the lien which the money advanced is used to
pay, and that in such case the party advancing the money
cannot be regarded as a stranger or volunteer.    This doctrine
is recognized in the cases in this court heretofore cited.    The

rule is that one who advances money under a contract that he is to be secured on the property for the benefit of which the money is advanced is entitled to subrogation though it turns out that his security is defective or void. He is not regarded under such circumstances as a mere volunteer. *De Concillio v. Brownrigg,* 51 N. J. Eq. 532, 25 Atl. 383; *Everston v. Central Bank,* 33 Kan. 352, 6 Pac. 605; Sheldon, Subrogation, § 20. In the case before us, since we hold that the allegations of the complaint are sufficient on demurrer to show Hughes a *bona fide* holder of security which he understood to be on the fee and which it was agreed should bind the fee, he cannot be held a volunteer or intermeddler. The doctrine of subrogation, rightly applied, is calculated to promote the ends of justice through courts of equity where the law is powerless to award relief and justice is promoted by the enforcement of the remedy and no one is injured. Where, as here, under the allegations of the complaint, the money was raised to pay the prior mortgage and was applied for that purpose, the new mortgage given for the same amount as the old, with a smaller solicitor's fee and rate of interest and no intervening rights or prejudice worked to any one, and both the life tenant and executrix, as well as the mortgagee, understanding that the mortgage covered the fee, it is contrary to the general current of authority to deny subrogation. On this question, in addition to the cases heretofore cited, we call attention to the following: *Motes v. Robertson,* 133 Ala. 630, 32 South. 225; *Gans v. Thieme,* 93 N. Y. 225; *Ft. Jefferson I. Co. v. Dupoyster,* 112 Ky. 792, 66 S. W. 1048; *Denton v. Tyson,* 118 N. C. 542, 24 S. E. 116; *Woolley v. Pemberton,* 41 N. J. Eq. 394, 5 Atl. 139; *Acer v. Hotchkiss,* 97 N. Y. 395; *Heuser v. Sharman,* 89 Iowa, 355, 56 N. W. 525; *Wilkins v. Gibson,* 113 Ga. 31, 38 S. E. 374; *Rachal v. Smith,* 101 Fed. 159, 42 C. C. A. 297; *Home Sav. Bank v. Bierstadt,* 168 Ill. 618, 48 N. E. 161; *Suydam v. Voorhees,* 58 N. J. Eq. 157, 43 Atl. 4.

The court below, in sustaining the demurrer, relied upon

*Conner v. Welch,* 51 Wis. 431, 8 N. W. 260, and *Watson v. Wilcox,* 39 Wis. 643. *Conner v. Welch* is quite different in its facts from the case before us, for the reason that in that case the rights of a third party intervened. *Watson v. Wilcox* is distinguishable from the instant case. There the plaintiff was a stranger or volunteer and got what he bargained for. The case is considered in connection with other Wisconsin cases in *Everston v. Central Bank,* 33 Kan. 352, 6 Pac. 605.

Nor do we think upon the allegations of the complaint that laches can bar the rights of plaintiff. No rights of third parties have intervened who are prejudiced by the delay, so far at least as the case stands upon demurrer. In the absence of an equitable estoppel the ordinary rule is that nothing short of the statutory period of limitation will bar the right. Each case must stand upon its own facts, and, while a few years may be sufficient in some cases to bar a right of action, a long period of time in others will not have that effect. *Rogers v. Van Nortwick,* 87 Wis. 414, 428, 58 N. W. 757, and cases cited in opinion. As said in *Fleming v. Ellison,* 124 Wis. 36, 43, 102 N. W. 398:

"All the cases proceed upon the theory that laches is not, like limitation, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced— an inequity founded upon some change in the condition or relation of the property or parties."

It is further contended that the plaintiff is entitled to subrogation because Ann Thomas, upon payment of the Williams mortgage, was entitled to subrogation, and when she mortgaged her interest to Hughes her mortgage passed this right to Hughes, and that plaintiff is entitled to all the rights of 'Ann Thomas in the land in question, which include the right to avail herself of the Williams mortgage. But whether the complaint is sufficient to make such a case we shall not determine, but prefer to rest our decision upon the grounds heretofore stated.

The only remaining question is the statute of limitation. The court below held the statute of limitation no bar to the action, and we agree with that conclusion. The contention of counsel for respondent is that the debt was barred under sec. 4222, Stats. (1898), and suit upon the mortgage under sec. 4220. The question is whether the present action was barred' by sec. 4220, Stats. (1898), which provides for a twenty-year limitation. It is insisted by respondent that since the debt was barred and extinguished under sec. 4222, which provides a six-year limitation upon the debt in question, the right of action was also barred on the mortgage at the expiration of twenty years from the time the right of action accrued to foreclose the mortgage. Interest was paid upon the indebtedness up to October 30, 1892. But it is insisted that the payment of interest upon the debt did not have the effect of extending the twenty-year limitation upon the mortgage. It is well settled that the remedy upon the mortgage to enforce the lien may be enforced after the debt is barred. But the question here is whether payment of interest on the debt had the effect of extending the time for commencement of action to enforce the lien under the mortgage for twenty years from time of such payment; in other words, that part payment interrupted the running of the statute on the mortgage. It is well settled that payment of interest interrupts the running of the statute upon the debt. *Lyle v. Esser,* 98 Wis. 234, 73 N. W. 1008; *Engmann v. Estate of Immel,* 59 Wis. 249, 259, 18 N. W. 182; 19 Am. & Eng. Ency. of Law (2d ed.) 327; *Taylor v. Perry,* 48 Ala. 240; *Barron v. Kennedy,* 17 Cal. 574. But it is strenuously insisted by counsel for respondent that, since the debt was barred and extinguished at the time this action was commenced, the twenty-year limitation on the mortgage should begin to run not from time of last payment of interest, but from the time the right to foreclose accrued. The authorities seem to be against respondent's contention. The insistence of respondent is that part payment upon the debt does

.not extend the twenty-year limitation on the sealed instrument given to secure the debt beyond six years after the last part payment. The payment of interest had the effect of a new promise to pay the debt secured by the mortgage, and, a cause of action having accrued upon the debt at the time of such payment of interest and new promise, no reason is perceived why the cause of action to enforce the lien under the mortgage should not continue for twenty years from the date of such part payment. This view seems to be supported by the authorities. *Hough v. Bailey,* 32 Conn. 288; *Peck v. Mallams,* 10 N. Y. 509; *Heyer v. Pruyn,* 7 Paige Ch. 465; *Schifferstein v. Allison,* 123 Ill. 662, 15 N. E. 275; *Kendall v. Tracy,* 64 Vt. 522, 24 Atl. 1118; 13 Am. & Eng. Ency. of Law (2d ed.) 794; 2 Jones, Mortg. (6th ed.) § 1198; *Spear v. Evans,* 51 Wis. 42, 8 N. W. 20. We therefore hold that the complaint states a cause of action.

*By the Court.*—The order appealed from is reversed.

CASSODAY, C. J., took no part.