M. D. CAFFEY, ADMINISTRATOR, AND ADMINISTRATOR C. T. A. OF THE ESTATE OF
W. T. OSBORNE, SR., DECEASED, v. MARY F. OSBORNE, B. A. OS-
BORNE AND WIFE, LEE OSBORNE; FRANCES GARDNER BENNETT
AND HUSBAND, WILLIAM BENNETT; ELIZABETH GARDNER SLATE
AND HUSBAND, W. P. SLATE; WILLIAM GARDNER AND WIFE, LEONA
GARDNER; JAMES GARDNER AND WIFE, MARGARET GARDNER;
CATHERINE GARDNER, J. R. RAYNOR AND WIFE, ETTA OSBORNE
RAYNOR; LAURA OSBORNE, EVELYN OSBORNE POWELL AND HUS-
BAND, G. E. POWELL; PAUL OSBORNE AND WIFE, MARY OSBORNE;
MARIEL OSBORNE BLAND AND HUSBAND, J. H. BLAND; MARIE
OSBORNE JOHNSON AND HUSBAND, J. B. JOHNSON; HAROLD OS-
BORNE; FLORENCE OSBORNE CAFFEY AND HUSBAND, M. D. CAF-
FEY; S. L. RUDD AND WIFE, CLARA OSBORNE RUDD; C. L.
OSBORNE AND WIFE, ANNIE APPLE OSBORNE; MRS. MATTIE GIL-
CHRIST OSBORNE, AND HAYWOOD OSBORNE.

(Filed 15 June, 1936.)

1. **Executors and Administrators E a—Order directing administrator to
mortgage lands in proceeding had in conformity with statute held valid.**

Plaintiff administrator filed a petition to be authorized to mortgage
lands of the estate to raise money to pay debts, the petition alleging that
the personalty was insufficient to discharge debts of the estate, and that it
was to the best interest of the heirs that the lands be mortgaged rather
than a part thereof sold. All beneficiaries of the estate were duly served
with summons, and the clerk, upon the verified petition and upon satis-
factory proof of its allegations, ordered and directed the administrator to
execute the mortgage, and the order of the clerk was duly approved by
the judge of the Superior Court, who also directed that the mortgage be
executed. *Held:* The order was authorized by N. C. Code, 75, and the
motion thereafter made by some of the heirs that it be set aside as not
authorized by law was correctly denied.

2. **Executors and Administrators D d—Administrator personally paying
debts of estate in good faith is subrogated to rights of creditors.**

Where an administrator, in good faith pending the mortgaging of prop-
erty of the estate to pay debts, personally pays the debts of the estate, he
is entitled to be subrogated to the rights of the creditors whose debts he
had paid, and upon the execution of the mortgage, upon order of court,
is entitled to repay himself from the proceeds of the loan.

APPEAL by movants, Leon Rudd and wife, from judgment rendered by
*Rousseau, J.,* at Chambers, 11 February, 1936. From GUILFORD. Af-
firmed.

This was a motion in the cause by defendants Rudd and wife to have
declared void and set aside an order entered in a special proceeding
authorizing the administrator to execute a mortgage on real estate of the
decedent to pay the debts of the estate.

There was no controversy as to the material facts.

W. T. Osborne, Sr., died in 1925. The defendants are his widow and children and grandchildren, and only heirs at law. The plaintiff M. D. Caffey is the duly qualified and acting administrator of his estate. The decedent left personal property of the value of about ten dollars, and certain real estate consisting of four small tracts of land aggregating about one hundred and six acres. There were debts of the estate in the sum of about $800.00, including funeral expenses, taxes, and costs of administration, and a $313.00 note payable to one Lucas. The administrator borrowed the money and paid these debts. In August, 1932, the administrator instituted a special proceeding in which all the heirs of the decedent (including the movants), were made parties and petitioned the court for authority to mortgage or sell the real estate for the payment of the aforementioned debts. Guardian *ad litem* for the infant defendants filed answer admitting all allegations of the petition and joining in the prayer that the real estate be mortgaged to pay said debts. No answer was filed by any of the adult defendants.

Thereupon, on 8 March, 1933, the clerk of the Superior Court made an order adjudging that all the defendants were properly before the court, finding the facts as alleged, and that it was impossible to rent the real estate for sufficient return to pay the indebtedness, and that the interest of the beneficiaries of the estate would be materially promoted by executing a mortgage on the real estate for that purpose; that the estate was still open and not settled and closed, and authorizing the administrator to borrow a sum sufficient to pay the debts and costs of administration and to secure the same by mortgage on said real estate.

On 8 March, 1933, the order and decree of the clerk was approved and confirmed by the judge of the Superior Court holding the courts of that district, and the plaintiff administrator empowered and directed to borrow the money and to execute the mortgage for the payment of the debts and costs, in accordance with the order of the clerk.

Pursuant to the order of the clerk and the approval of the judge, the plaintiff administrator executed note and mortgage on the said real estate in the sum of $914.00, being the amount found necessary to pay said debts, interest, and costs. The administrator's accounts for the disbursement of this sum in accordance with the order were audited and approved by the clerk.

On 25 October, 1935, the defendants Leon Rudd and wife filed a motion in the cause asking that the order and judgment of the clerk be set aside and declared void on the ground that the court had no jurisdiction to entertain the petition of the plaintiff; that the administrator could not fix liability on the estate for debts arising after death of the decedent; that it constituted an abuse of discretion to permit the execution of the mortgage with no prospect of repayment, and that an order

for sale of part of the land should have been entered instead of authorizing the execution of a mortgage on the whole.

Upon this motion there was a hearing before the clerk, and the motion was denied. Movants appealed to the judge of the Superior Court, who affirmed the ruling of the clerk, and from the judgment of the Superior Court there was an appeal to this Court.

*H. R. Stanley for plaintiff, appellant.*
*Hobgood & Ward for defendants, appellees.*

DEVIN, J. The movants attack the order and judgment of the clerk authorizing the execution of a mortgage on decedent's land by the plaintiff administrator, on two grounds:

(1) That there was no authority in law for making such an order.

(2) That the mortgage was in whole or in part to reimburse the plaintiff for money which he had borrowed to pay the debts of the estate.

Originally, an administrator had no authority to deal with or encumber the real estate of his intestate, and where the personalty was insufficient to pay the debts, he could only file proper petition to sell the real estate to create assets for that purpose. But by statute, Acts 1913, ch. 49, the court was empowered in certain cases to permit him, instead of asking for an immediate sale of the real estate, to rent the same and to borrow the money to pay the debts and to repay such borrowed money from the rents; and by a later statute, Acts 1927, ch. 222, this power was further enlarged, as follows: "In lieu of renting said property or borrowing on the general credit of the estate, as hereinbefore authorized, the said executor, or administrator, may apply by petition, verified by oath, to the Superior Court, showing that the interest of the beneficiaries of the estate, for which he is executor or administrator, would be materially promoted by mortgaging said estate, in whole or in part, to secure funds to be used for the benefit of said estate, . . . which proceeding shall be conducted as in other cases of special proceedings; and the truth of the matter alleged in the petition having been ascertained by satisfactory proof, a decree may thereupon be made that a mortgage be made by such executor, or administrator, in his representative capacity, in such way and on such terms as may be most advantageous to the interest of said estate; but no mortgage shall be made until approved by the judge of the court, nor shall the same be valid unless the order or decree therefor is confirmed and directed by the judge and the proceeds of the mortgage shall be exclusively applied and secured to such purposes and on such trusts as the judge shall specify."

These statutes are brought forward as section 75 of the Consolidated Statutes (Michie's Code).

It is apparent that the proceeding here attacked was carried out in substantial accord with the provisions of the statute. There were findings by the clerk upon the undenied allegations of the verified petition and upon satisfactory proof that mortgaging the land to secure sufficient money to pay the debts of the estate would materially promote the interest of the beneficiaries of the estate. This order and the findings of the clerk were approved, and the execution of the mortgage directed by the judge of the Superior Court. The movants were parties to this proceeding and filed no answer, and no objection seems to have been raised until more than eighteen months after the mortgage was made pursuant to the order and judgment of the clerk and the confirmation and direction of the judge.

The fact that the plaintiff paid the debts of the estate is not controverted. His good faith is in no way impugned. He was not an officious intermeddler. He was therefore entitled to be subrogated to the rights of the creditors whose debts he had paid. *Williams v. Williams,* 17 N. C., 69; *Sanders v. Sanders,* 17 N. C., 262; *Turner v. Shuffler,* 108 N. C., 643; *Denton v. Tyson,* 118 N. C., 542; *Ray v. Honeycutt,* 119 N. C., 510; *Morton v. Lumber Co.,* 144 N. C., 31.

The estate was still unsettled and unclosed, and the debts, so far as the heirs were concerned, were unpaid. Plaintiff would therefore have had the right to require a sale of the land, and this right was extended by virtue of the quoted statutes to the execution of a mortgage for the purpose of acquiring assets to pay debts. C. S., 74 and 75.

While later events may have shown that some other method would possibly have produced a more favorable result to the heirs, the proceeding here seems to have been in all respects according to law, and the judgment of the court below must be

Affirmed.