TROY NUNN, ADMINISTRATOR, VERLIAN NUNN ESTATE; TROY NUNN INDIVIDUALLY (UNMARRIED); L. C. NUNN AND WIFE, VIRGINIA NUNN, MRS. LOMA WILSON AND HUSBAND, BOYD WILSON; EVA TURNEY AND HUSBAND, ROBERT TURNEY; MRS. GRADY N. JACKSON AND HUSBAND, WOODROW JACKSON, AND BEULAH N. GIBBONS, PETITIONERS v. RONNIE (ROMEY) GIBBONS; THELMA NUNN MITCHELL AND HUSBAND, MURRAY MITCHELL, RESPONDENTS.

(Filed 14 January, 1959.)

**1. Executors and Administrators § 16—**

The regularity of a proceeding by an executor or administrator to sell lands to make assets to pay debts of the estate will be presumed in the absence of evidence to the contrary.

**2. Judgments § 27b—**

A *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter.

**3. Executors and Administrators § 24a— Evidence held sufficient to support claim on quantum meruit for personal services rendered decedent.**

Where order for the sale of lands of the estate to make assets to pay debts is entered in a proceeding in which all interested persons are *sui juris* and parties, and the proceeding is then transferred to the civil issue docket for adjudication of the claim of one of the daughters and her husband to recover for personal services rendered decedent, claimants' evidence that they performed personal services and supported decedent for some time prior to her death, while decedent was ill and required many onerous services of a menial nature, and that decedent made statements to a number of persons in claimants' presence to the effect that she wanted claimants to have payment for such services, *is held* sufficient to overcome the presumption that the services by the daughter were gratuitous, and further, the services of the son-in-law are not presumed gratuitous, and therefore nonsuit on the claim was erroneous.

APPEAL by respondents from *Crissman, J.,* at October, 1958, Civil Term, of STOKES.

Special proceeding to sell land to make assets to pay debts of decedent Verlian Nunn.

From petition of petitioners and answer of respondents these facts appear to be uncontroverted:

1. Troy Nunn is the duly qualified administrator of the estate of Verlian Nunn, who died intestate on 2 November, 1955, a resident of Stokes County, N. C.

2. Verlian Nunn survived her husband, Rufus Nunn, who died 1 June, 1955, a resident of said Stokes County, leaving as her nearest next of kin the following children, whose names and addresses are as follows: "(1) Troy Nunn, son, (divorced and unmarried) a resident of Surry County, N. C.; (2) L. C. Nunn, son, who is married to Virginia Nunn, who are residents of Ararat, Virginia; (3) Thelma Nunn Mitchell, daughter, who is married to Murray Mitchell, who lives at Bassett, Virginia; (4) Mrs. Loma Nunn Wilson, daughter, who is married to Boyd Wilson, who live in Stokes County, N. C.; (5) Eva Nunn Turney, daughter, who is married to Robert Turney, who are residents of Surry County, N. C.; (6) Grady Nunn Jackson, daughter, who is married to Woodrow Jackson, who are residents of Surry County, N. C., and (7) Beulah Nunn Gibbons, daughter, a resident of Stokes County, who is married to Ronnie (Romey) Gibbons, separated but not divorced, who lives in Forsyth County."

And all of them, except Ronnie (Romey) Gibbons and Thelma Nunn Mitchell and husband, Murray Mitchell, party respondents, are parties petitioners, and all parties are more than 21 years of age.

3. Verlian Nunn, as the survivor of an estate by the entirety, left certain real property located in Stokes County, specifically described in the petition, as a part of her estate, and, therefore, the same is now owned by seven children, named above, as tenants in common "subject to the existing taxes, debts, and cost of administration of said estate." And Troy Nunn, as administrator of the Verlian Nunn estate, brings this action both as a co-tenant and also as administrator as a party petitioner; "that the personal assets of said estate are insufficient to pay the debts and, therefore, the land must be sold in order to pay the debts, and the remainder of said fund, subject to costs of administration, is to be divided among the tenants in common as their interests appear, each a 1/7 undivided interest."

And 4, petitioners allege: "That the size and nature of said property above is such that an actual partition is impossible, also because of the debts of said estate; that the same should be sold as a whole as being to the best interest of said estate and said tenants in common in order to make assets to pay debts and for division among the tenants in common"; and they pray: 1. That the said real property be sold in order to make assets for said estate, and for a division of said remainder among the tenants in common, etc.

The respondents, further answering the petition of petitioners, allege and say, summarily stated, that the estate is indebted to them in the sum of $825.00 in caring for, supporting and maintaining their mother Verlian Nunn, for thirty-three weeks, while she lived with them, during which time she was sick and required care and nursing at all hours of the day and night for which "compensation was intended by the decedent for the rendition of these services and was expected" by them; and they pray that the court order the commissioner to pay all debts, and that this debt take its place as provided by the General Statutes of North Carolina.

Petitioners, replying to the new matter, so set up in the said answer, deny that the estate of Verlian Nunn is indebted to Thelma Nunn Mitchell and husband, Murray Mitchell, in the amount stated or in any other amount.

And the record shows that the Clerk of Superior Court entered judgment, in which after reciting matters substantially as hereinabove related and providing that administrator should not disburse the fund, particularly the sum of $825.00 until the claim of the defendants is either settled, or said amount determined by the jury, and then to pay to defendants the "sum so determined by the jury," and finding that it is necessary to sell said lands "to make assets for the completion of the administration of said estate," appointed a commissioner to sell said land at public sale after advertisement as there directed, the sale to be subject to upset bids as provided by law. How the proceeding was transferred to civil issue docket does not appear in the record, but the record does show "Respondent's Evidence" tending to show substantially these facts: That Mrs. Nunn was the mother of Thelma Nunn Mitchell, who is wife of Murray Mitchell; that the Mitchells have lived in Bassett, Virginia, for around seven years; that Mrs. Nunn lived with them in their home there from about 15 March, 1955, until her death on 2 November, 1955; that her health was poor during said period, she being bedfast part of the time; that Mrs. Mitchell cared for her by washing, cooking, nursing, and performing many onerous duties of a menial nature; that Murray Mitchell provided the house, paid the rent and grocery bills, and waited on and cared for her— and has not received anything for doing it; and that in the presence of the Mitchells, Mrs. Nunn made statements to Mrs. Lilly Greer, Paul Ward and Mrs. Paul Ward, and James E. Spencer, respectively, in substance that Thelma and Murray had been better to her than any child she had and she wanted them to have pay when she was dead; that she didn't know what she would have done if it had not been for them; that they had been a big help to her; and that she wanted them paid and paid well when she died for what they

had done for her.

And at the close thereof motion of petitioners for judgment as of nonsuit was allowed by Judge of Superior Court presiding, and, in accordance therewith, judgment was signed by the judge. Respondents excepted and appeal to Supreme Court, and assign error.

*John H. Blalock, Edward N. Swanson for appellees.*
*Norman and Reid for appellants.*

WINBORNE, C. J. The sole assignment of error on this appeal is based upon exception by respondents to the ruling of the trial court in allowing motion of petitioners, made at the close of respondents' evidence, for judgment as of nonsuit.

Considering the pleadings, shown in the record on this appeal, stripped of extraneous matter appropriate in a special proceeding to sell real estate for partition among tenants in common, G.S. 46-1, et seq, it is seen that this is a proceeding instituted by the administrator of the estate of Verlian Nunn, deceased, to sell certain real estate owned by her to make assets to pay debts of her estate. G.S. 28-81 and G.S. 28-86.

The statute, G.S. 28-81, as amended by 1955 Session Laws, Chapter 302, Section 1, effective 24 March, 1955, provides that "When it is alleged and shown that the personal estate of a decedent is insufficient to pay all of his debts including the charges of administration, it shall not be necessary that the personal property of such decedent be first exhausted, and the executor, administrator or collector may, at any time after the grant of letters, apply to the Superior Court of the county where the land or some part thereof be situated by petition to sell the real property for the payment of the debts of such decedent."

And G.S. 28-86 prescribes that the petition shall contain, among other things, "the names, ages, and residences, if known, of the devisees and heirs at law of the decedent."

It is also provided in G.S. 28-87 that the heirs and devisees of the decedent are necessary parties to the proceeding.

In the light of these statutory provisions, it appears in instant case (1) that the petition lists all the heirs at law and distributees of Verlian Nunn, deceased; (2) that all parties agree that it is necessary to sell the real estate to make assets to pay debts; (3) that respondents, in their further answer, aver that among the debts of the estate is a sum due to them for services rendered to decedent; (4) that the petitioners deny that the estate is so indebted to respondents; and

(5) that the Clerk has ordered sale of the real estate, and the proceeds of sale not to be disbursed to the prejudice of respondents in their claim.

Thus it appears that the battleground on which the parties pitch this contest is around the validity of the claim of respondents made in their further answer. And it is a well established presumption that the regularity of the proceeding by an executor or administrator to sell lands to make assets to pay debts due by the estate, will be presumed in the absence of evidence to the contrary. *Wadford v. Davis,* 192 N.C. 484, 135 S.E. 353; see also *Odom v. Palmer,* 209 N.C. 93, 182 S.E. 741; *Caffey v. Osborne,* 210 N.C. 252, 186 S.E. 364; *Toms v. Brown,* 213 N.C. 295, 195 S.E. 781; *Graham v. Floyd,* 214 N.C. 77, 197 S.E. 873.

A *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter. *Henderson Co. v. Johnson,* 230 N.C. 723, 55 S.E. 2d, 502, and cases cited.

Now then, in respect to the issue thus raised, when the evidence offered by respondents on the trial below as hereinabove briefly related, is considered in the light most favorable to respondents giving to them the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, as is done in passing upon motion for judgment as of nonsuit, G.S. 1-183, under applicable principles of law, the Court is of opinion and holds that a case is made for determination by a jury. See *Landreth v. Morris,* 214 N.C. 619, 200 S.E. 378, and cases cited. Indeed, paraphrasing the *Landreth case, supra,* the evidence does not justify the application of the presumption that the services were rendered gratuitously as a matter of law,— but rather the issue should be submitted to the jury. Furthermore the presumption that services rendered by a child to his parent are gratuitous does not apply to the relationship between a mother-in-law and son-in-law.

For reasons stated the judgment as of nonsuit is
Reversed.