IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-792

 Filed: 3 March 2020

Sampson County, No. 15-E-546

IN THE ESTATE OF:

DAVID MAC GIDDENS

 Appeal by Respondents from order entered 23 May 2019 by Judge Mary Ann

Tally in Sampson County Superior Court. Heard in the Court of Appeals 4 February

2020.

 Daughtry, Woodard, Lawrence & Starling, by Luther D. Starling, Jr., for
 Petitioner-Appellee.

 Gregory T. Griffin for Respondents-Appellants.

 INMAN, Judge.

 This case concerns whether a decedent’s estate, with the agreement of the

administrator and all beneficiaries, can use surplus proceeds from the sale of real

property to satisfy a deficiency judgment awarded to the surviving spouse for her

statutory allowance. Even though two of the beneficiaries had a change of heart

prompting this appeal, we affirm the trial court’s enforcement of that agreement.

 Respondents Allen Mac Giddens and Tonya Giddens Brown (“Respondents”)

appeal from the trial court’s order vacating an order of the Sampson County Clerk of

Superior Court and authorizing the use of proceeds from the sale of real property to
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

satisfy a spousal allowance deficiency judgment awarded to Petitioner Betty Jean

Giddens (“Petitioner”). Respondents contend that a deficiency judgment for a spousal

allowance can never be paid out of proceeds from the sale of real estate. After careful

review, we disagree and affirm the trial court.

 I. FACTUAL AND PROCEDURAL HISTORY

 Petitioner’s husband and Respondents’ father, David Mac Giddens, died

intestate on 30 September 2015. Petitioner, who was also the administrator of her

husband’s estate (the “Estate”), requested her $30,000 statutory year’s allowance as

the surviving spouse pursuant to N.C. Gen. Stat. § 30-15 (2017).1 That statute

authorizes the surviving spouse of a decedent to claim an allowance “out of the

personal property of the deceased spouse[.]”2 Id.

 The personal property in the Estate was insufficient to satisfy Petitioner’s full

allowance, so the clerk of superior court entered a deficiency judgment for the

unsatisfied amount of $13,030.00 (the “Deficiency Judgment”). That Deficiency

 1 The amount of the statutory spousal allowance was raised to $60,000 in 2019. N.C. Gen.
Stat. § 30-15 (2019).
 2 A surviving spouse may elect to receive an allowance of $60,000 outright, N.C. Gen. Stat. §

30-15 (2019), or may request a calculation of an allowance “sufficient for the support of petitioner
according to the estate and decedent.” N.C. Gen. Stat. § 30-31 (2019). That calculation must consider
other persons entitled to any allowances and may not exceed one half of the deceased’s average annual
income for the past three years. N.C. Gen. Stat. § 30-31. The allowance itself “is designed to furnish
members of the decedent’s family a measure of security while the estate is being administered. It is
an attempt to meet the daily needs of food and shelter until the estate is distributed.” Wiggins, The
Law of Wills and Trusts in North Carolina, § 15:1(a) (5th ed. 2019).

 -2-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

Judgment was later partially satisfied by an assignment from the Estate of $3,482.70

on 26 July 2016, leaving the final amount of deficiency at $9,547.30.3

 With no personal property left in the Estate, the only asset available to satisfy

its outstanding debts was a tract of real property known as the “Homeplace,” which

was owned by David Mac Giddens in life and passed in equal one-third undivided

interests to Petitioner and Respondents on his death. Counsel for the Estate filed a

motion to authorize the sale of the Homeplace and, on 28 December 2017, the clerk

entered a consent order recognizing an agreement between Petitioner, Respondents,

and the Estate to use the proceeds from the sale to “pay the claims of the Estate of

David Mac Giddens and the cost of the administration of the estate.”

 The Homeplace sold for $50,400 and the co-commissioners of the sale filed a

final report and account on 30 August 2018. That report listed $21,568.94 in funds

available to “pay claims and costs of the Estate, [the] balance of which will be

distributed to the heirs when the Estate is closed, if any[.]”

 On 26 October 2018, counsel for the Estate filed a motion with the clerk seeking

authorization for the payment of the Deficiency Judgment from those funds, averring

that the “$21,568.94 is sufficient to pay all the claims, debts, costs and administration

of the Estate, including the [D]eficiency [J]udgment[.]” Respondents opposed the

motion, and the clerk denied the Estate’s motion in an order entered 22 February

 3 A clerical error in the Deficiency Judgment lists the final deficiency as “$9,5470.30” rather
than the correct amount of $9,547.30.

 -3-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

2019. The clerk’s order cited N.C. Gen. Stat, § 30-18 (2019), which provides that the

spousal allowance “shall be made in money or other personal property of the deceased

spouse[,]” and concluded that it prohibited the use of the surplus sale proceeds to pay

the Deficiency Judgment after quoting the following language from Denton v. Tyson,

118 N.C. 542, 24 S.E. 116 (1896):

 [T]he widow will not be entitled to any further payment on
 her year’s support out of money arising from the sale of
 land. And if the land sold should bring more than is
 sufficient to pay the proper expenditures of the plaintiff in
 the course of his administration, the residue will remain
 real estate.

118 N.C. at 544, 24 S.E. at 116. The clerk’s order did not address whether the parties

had otherwise agreed to pay the Deficiency Judgment out of the proceeds from the

sale of the Homeplace.

 The Estate appealed the clerk’s ruling to the superior court pursuant to N.C.

Gen. Stat. § 1-301.3 (2019) and presented additional evidence to the trial court in a

hearing. The trial court entered an order vacating the clerk’s order. The trial court

concluded that the clerk committed prejudicial error in failing to consider evidence of

the agreement between the parties to use the Homeplace sale proceeds “to pay all

claims against the Estate, specifically including the [Deficiency J]udgment referenced

in Petitioner’s motion[.]” The trial court further concluded that the language relied

upon by the clerk from Denton was non-binding dicta and that, in any event, Denton

was distinguishable. The trial court also made new findings of fact based on the

 -4-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

additional evidence presented at the hearing, including findings that the parties had

expressly agreed to satisfy the Deficiency Judgment with the surplus proceeds from

the sale of the Homeplace. Having distinguished Denton and based on the findings

of an express agreement, the trial court allowed the Estate’s motion to pay the

Deficiency Judgment out of the Homeplace sale proceeds. Respondents now appeal.

 II. ANALYSIS

A. Standard of Review

 “On appeal to the Superior Court of an order of the clerk in matters of probate,

the trial judge sits as an appellate court. . . . The standard of review in this Court is

the same as in the Superior Court.” In re Estate of Pate, 119 N.C. App. 400, 402-03,

459 S.E.2d 1, 2-3 (1995) (citations omitted). Where the appellant asserts error in the

findings of fact or conclusions of law made by the clerk in the order appealed, the

superior court—and by extension this Court—applies the whole record test. Id. The

superior court “reviews the Clerk’s findings and may either affirm, reverse, or modify

them.” Id. at 403, 459 S.E.2d at 2 (citation omitted); see also N.C. Gen. Stat. § 1-

301.3(d) (instructing the trial court to review whether the findings are supported by

the evidence, whether the conclusions are supported by the findings, and whether the

order comports with the conclusions and applicable law). Any “[e]rrors of law are

reviewed de novo.” Overton v. Camden Cty., 155 N.C. App. 391, 393, 574 S.E.2d 157,

160 (2002) (citation omitted). N.C. Gen. Stat. § 1-301.3 also provides that when

 -5-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

reviewing an appeal from the clerk’s decision in a probate matter, the trial court may

determine whether there was prejudicial error in the exclusion or admission of

evidence and may take additional evidence to resolve the pertinent factual issue.

N.C. Gen. Stat. § 1-301.3(d).

B. Respondents’ Appeal

 In their principal brief, Respondents present the following arguments: the

prohibition in Denton against using proceeds from the sale of real property prohibits

the satisfaction of Petitioner’s Deficiency Judgment out of the Homeplace sale

proceeds, Denton’s holding accords with the current year’s allowance statutes, and

the trial court therefore erred in disregarding Denton’s holding. Respondents’

principal brief does not challenge the trial court’s findings and conclusions that: (1)

the clerk committed prejudicial error in excluding evidence of an agreement between

the parties to pay the Deficiency Judgment from the sale proceeds; (2) the parties

had, in fact, entered into an express agreement to apply the sale proceeds toward the

Deficiency Judgment; and (3) the proceeds could be used to satisfy the Deficiency

Judgment in accordance with that agreement. Respondents’ principal brief also does

not contend that the trial court applied the incorrect standard of review to the clerk’s

order, or that the trial court’s order does not conform to the procedure set forth in

N.C. Gen. Stat. § 1-301.3.

 -6-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

 We acknowledge that Respondents’ reply brief does challenge the existence and

legal effect of the agreement found and enforced by the trial court. But our appellate

rules expressly provide that “[i]ssues not presented and discussed in a party’s brief

are deemed abandoned[,]” N.C. R. App. P. 28(a) (2019), and appellants may not raise

new arguments for the first time in their reply briefs. See, e.g., State v. Triplett, ___

N.C. App. ___, ___, 810 S.E.2d 404, 407-08 (2018) (“Defendant may not use his reply

brief to make new arguments on appeal. A reply brief is not an avenue to correct the

deficiencies contained in the original brief.” (citations, quotation marks, and

alterations omitted)). Respondents’ arguments concerning the validity, effect, and

application of the agreement are therefore waived. See, e.g., Hazard v. Hazard, 46

N.C. App. 280, 283, 264 S.E.2d 908, 910 (1980) (deeming the appellant’s argument

that a contract was contrary to law and public policy waived when he failed to

preserve the argument under the then-applicable appellate rules).

 Limiting our review to the issues properly raised by the Respondents, we hold

that the express agreement found by the trial court distinguishes this case from

Denton and we affirm the trial court’s judgment as a result.

C. Denton and Its Application

 It is unsurprising that both the clerk and the trial court considered the

applicability of Denton to this case, as that opinion appears to be the only appellate

decision in this state directly addressing whether proceeds from the sale of real estate

 -7-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

may be used to satisfy a deficiency in a surviving spouse’s year’s allowance. In

Denton, a widow claimed her allowance and received all of the estate’s personal

property and $89.06 in cash from the administrator in partial satisfaction of the

allowance. 118 N.C. at 543, 24 S.E. at 116. That payment exhausted the fungible

assets of the estate, so the administrator paid $104 in outstanding administration

costs and estate debts out of his own pocket. Id. The administrator then sought to

recoup those expenses by petitioning for the sale of real property that was held by the

decedent at his time of death and had since passed to several heirs. Id. Those heirs

objected, arguing that if the administrator had not exhausted the estate by paying

the spousal allowance first, the personal property and cash on hand would have been

sufficient to cover the debts owed by the estate. Id. Our Supreme Court disagreed

with the heirs, holding that the statutory spousal allowance must be paid first and

ahead of any creditors. Id. at 543-44, 24 S.E. at 116. It then held that the proceeds

from the sale of the real property could be used to repay the administrator. Id. at

544, 24 S.E. at 116. The Court continued:

 But the widow will not be entitled to any further payment
 on her year’s support out of money arising from the sale of
 land. And if the land sold should bring more than is
 sufficient to pay the proper expenditures of the plaintiff in
 the course of his administration, the residue will remain
 real estate.

Id.

 -8-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

 Here, the trial court concluded in its order that the above language was non-

binding dicta, despite the fact that it receives treatment as black-letter law in various

treatises on estate administration in North Carolina. See, e.g., Wiggins, § 15:3 (citing

Denton for the proposition that proceeds from the sale of real estate may not be used

to satisfy a deficiency in a claim for spousal year’s allowance). We need not go so far

as to declare the quoted passage dicta, however, and instead affirm the trial court’s

order solely because we agree that Denton is distinguishable from the facts presented

in this case. Denton addresses only the statutory rights of a surviving spouse in

receiving payment on her year’s allowance; it does not determine whether heirs may,

by agreement, consent to the use of proceeds from the sale of real estate to pay any

deficiency once the estate’s other debts have been paid. In other words, Denton stands

for the singular proposition that a spouse is not entitled by statute to the satisfaction

of her allowance out of real estate sale proceeds. 118 N.C. at 544, 24 S.E. at 116. So,

while Denton held that the law will not recognize a statutory right to satisfaction of a

deficiency out of the sale of real estate, its holding does not prohibit the creation and

recognition of a private contractual claim to such proceeds where, as here, all other

debts of the estate have been satisfied.

 As detailed above, the trial court found that the parties expressly agreed that

the Estate would pay the Deficiency Judgment from the surplus Homeplace sale

 -9-
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

proceeds, and it concluded that such an agreement was enforceable.4 Respondents

failed to challenge or address those findings and conclusions in their principal brief,

and we will not disturb them. Respondents’ only rebuttals—including the contention

that such a contract is contrary to law and public policy—are found only in their reply

brief and are, per our earlier analysis, waived.

 Even if we were to assume, arguendo, that Respondents’ policy argument was

preserved, it would fail on the merits. As previously explained, nothing in Denton

restricts the rights of heirs and the estate to agree, by private contract, to settle a

year’s allowance deficiency judgment in this manner after all debts of the estate have

been paid.5 Nor are we aware of—and Respondents have not identified—any public

policy concern that would prohibit the heirs and estate from mutually agreeing to

such an arrangement. In actuality, our precedents suggest that the opposite is true:

 “Family settlements, . . . when fairly made, and when they
 do not prejudice the rights of creditors, are favorites of the
 law. . . . They proceed from a desire on the part of all who
 participate in them to adjust property rights, not upon
 strict legal principles, however just, but upon such terms
 as will prevent possible family dissensions, and will tend to

 4 It is unclear from the record whether the agreement was supported by consideration on
Petitioner’s part. However, Respondents make no argument that the agreement is unenforceable based
on a lack of consideration.
 5 The year’s allowance statutes, like Denton, also do not appear to prohibit parties from

contracting as they did here. See N.C. Gen. Stat. §§ 30-15 et seq. (2019). Those statutes simply provide
that the spousal allowance “shall be made in money or other personal property of the estate of the
deceased spouse[,]” N.C. Gen. Stat. § 30-18, and that the clerk shall enter a judgment for any deficiency
“to be paid when a sufficiency of such assets shall come into the personal representative’s hands.” N.C.
Gen. Stat. § 30-20. So, while the year’s allowance is “purely statutory[,]” Broadnax v. Broadnax, 160
N.C. 432, 433, 76 S.E. 216, 216 (1912), nothing in those statutes prohibits the recognition of the
contractually created obligations at play in this case.

 - 10 -
 IN RE ESTATE OF GIDDENS

 Opinion of the Court

 strengthen the ties of family affection. The law ought to,
 and does respect such settlements; it does not require that
 they shall be made in accord with strict rules of law . . . .”
 Our Superior Courts will exercise their equity jurisdiction
 to affirm and approve family agreements when fairly and
 openly made. . . . Family settlements are almost
 universally approved.

 In re Will of Pendergrass, 251 N.C. 737, 742-43, 112 S.E.2d 562, 566 (1960)

(quoting Tise v. Hicks, 191 N.C. 609, 613, 132 S.E. 560, 562 (1926)). In light of the

above, we hold that the trial court acted properly in vacating the clerk’s order and

allowing the Estate’s motion to satisfy the Deficiency Judgment out of the surplus

Homeplace sale proceeds.

 III. CONCLUSION

 For the foregoing reasons, we affirm the order of the trial court vacating the

clerk’s order, allowing the Estate’s motion, and remanding for further proceedings.

 AFFIRMED.

 Judges BRYANT and DILLON concur.

 - 11 -